[No. 4,353.]

## JAMES RYAN v. THOMAS MOONEY ET AL.

ORDER VACATING JUDGMENT.—An order vacating a judgment on account of surprise or excusable neglect, need not require as a condition precedent the payment of *all* the opposing party's costs.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

There were eight defendants. The cause was at issue, but was not placed on the calendar for the April term, 1874. After the calendar had been called, on motion of the plaintiff's attorney, the Court placed it on the calendar. On the 22d of April, 1874, the defendants not appearing, judgment was entered against them. Three of the defendants, Roeding, Kelly and Mooney moved to vacate the judgment against them. In support of the motion they filed affidavits, that, on the morning that the calendar was to be called, their attorney entered the Court-room, and the Clerk asked him to buy a printed calendar, and that he looked it over and found this cause had not been placed on

the calendar. That, as the attorney had no cases to try that term, he left, and heard a few days afterwards, that after the calendar was called, the case had, on motion of the plaintiff's attorney, been placed on the calendar, and a judgment had been rendered against the defendants for want of an appearance. The Court vacated the judgment on the payment by the defendants of two dollars, the costs of the term. The entire costs in the case were sixty dollars and fifty cents. The plaintiff appealed from the order to show cause why the judgment should not be vacated, and from the order vacating the judgment.

*R. F. Ryan,* for the Appellant, argued that the Court should have required, as a condition to opening the default, the payment of all the costs.

*Gallagher & Pierson,* for the Respondent.

By the Court, McKinstry, J.:

The Court below properly vacated the judgment against the defendants moving to set aside, without requiring as a condition the payment of *all* of plaintiff's costs.

Orders appealed from affirmed.

Mr. Justice Rhodes did not express an opinion.