## SUPREME COURT.

### HENRY C. BOWERS agt. TALLMADGE and HEWETT.

In an action to stay proceedings on a judgment against three defendants, brought by one of said defendants, against the plaintiff in the first suit, and a general assignee of the said three defendants, on demurrer,

*Held*, that there was a defect of parties. The other two defendants in the first judgment should have been made parties, either plaintiffs or defendants.

Such an action, however, cannot be sustained, because the plaintiff can have all the relief he is entitled to, on motion in the original suit. It is out of place to bring an action to stay another action in the same court, where by a simple motion the matter can be easily heard and disposed of in the original action.

Bowers agt. Tallmadge.

*New - York Special Term, July,* 1858.

THIS action was brought by the plaintiff against the defendants for the purpose of having a certain judgment declared void as against the plaintiff. The plaintiff demanded judgment as follows: " The plaintiff demands judgment in this action, that the judgment entered in the aforesaid action in which Henry B. Hewett was plaintiff, and John J. Tallmadge, Henry C. Bowers and Ralph L. Howell, were defendants, on or about the 27th day of October, 1856, for the sum of $493.38, shall be ordered by a judgment of this court to be satisfied or vacated of record, and that the same be adjudged irregular, fraudulent and void, as against the plaintiff in this action, and one of the defendants in said action." Proceedings supplementary to execution had been taken upon this judgment against the defendant Henry C. Bowers, the plaintiff in this action. And an injunction was asked to restrain such proceedings. It was also alleged that Samuel W. Tallmadge was the general assignee of the defendants John J. Tallmadge, Henry C. Bowers and Ralph L. Howell, the defendants in said judgment.

The defendant Tallmadge, demurred to the complaint, and assigned as causes of demurrer: " 1st. That there is another action pending between the same parties for the same cause. 2d. That there is a defect of parties plaintiff in that Ralph L. Howell and John J. Tallmadge, are not made parties plaintiff or defendant. 3d. That there is a defect of parties defendants, in that this defendant, Samuel W. Tallmadge, is improperly made a party to this action. 4th. That the complaint does not state facts sufficient to constitute a cause of action, (among other respects,) in that it is not alleged that the judgment mentioned in the complaint, has ever been paid or satisfied, or that it is not justly due; and also in that no action will now lie in this court to vacate or satisfy a judgment recovered in another action in said court, or to restrain proceedings therein."

LEARNED, WILSON & COOK, *for defendants.*
WM. C. HORNFAGER, *for plaintiff.*

INGRAHAM, Justice.   The objection that there is a defect of parties is, I think, well taken.   There were three defendants in the former suit, and judgment recovered against them.   One of these defendants brings this action to stay proceedings on that judgment.   The other defendants in the original suit are not made parties here, either plaintiffs or defendants.   They are necessarily interested in the matter.   If they are unwilling to join as plaintiffs, they should be made defendants.   (*Code*, §§ 118, 119 *and* 122.)

I think also, that an action of this kind should not be sustained.   The plaintiff can have all the relief he is entitled to on motion in the original suit, more expeditiously and in a mode more consistent with the proper administration of justice.   It seems to be very much out of place to bring an action to stay another action in the same court, where by a simple motion the matter can be easily heard and disposed of in the original action.   Such a multiplication of actions should not be encouraged.   (4 *How. Pr. Rep.* 350 ; 8 *How. Pr. Rep.* 416.)

Judgment for defendant on demurrer.