JOSEPH SCOGIN, plaintiff in error vs. JEREMIAH BEALL, executor, defendant in error.

Where an affidavit of illegality was filed to an execution and the issue was pending and the Judge dismissed the "case and levy for want of prosecution," and the plaintiff attempted, afterwards, to proceed upon the same levy:

*Held*, That the levy was dismissed, and equity will enjoin the plaintiff from proceeding in defiance of the judgment of the Court.

Equity. Illegality. Before Judge BARTLETT. Baldwin county. At Chambers, October 19th, 1873.

John Scogin, Joseph Scogin and Eliza Scogin gave their note to William Sanford for the purchase money of a slave, dated January 3d, 1865, and due January 1st, 1857. Beall, executor of Sanford, sued and obtained judgment on this note against Joseph Scogin and Eliza Scogin at the August term, 1866, of Baldwin Superior Court.

In December, 1868, an execution was levied on land of Joseph Scogin, who thereupon filed his affidavit of illegality.

At the August term, 1872, the plaintiff in *fi. fa.* being unrepresented, the Court sustained the illegality, and dismissed the levy, as follows: "Levy and case dismissed for want of prosecution." Notwithstanding the judgment of the Court sustaining the illegality, the sheriff advertised the land to be sold on the first Tuesday in June, under the levy made in December, 1868. Thereupon L. H. Briscoe, attorney at law for defendant in *fi. fa.*, gave notice to the sheriff of the foregoing facts by affidavit; which affidavit the sheriff returned to the August term, 1873. At this term the Court dismissed Briscoe's affidavit and ordered the *fi. fa.* to proceed. Briscoe was absent during the whole of this term, because of sickness, a fact known to the Court when the order dismissing his affidavit was allowed. The land being again advertised by the sheriff, Joseph Scogins presented his bill to the Chancellor, setting forth the above facts, and praying an injunction.

The answer of the defendant set up that no judgment was obtained in the suit set forth in the bill, against John Scogin

because of his death, but that defendant commenced suit against Joseph Scogin, as administrator of John Scogin, deceased, to the February term, 1868, of Baldwin Superior Court, upon the same note, and in November, 1871, the administrator filed a plea to the jurisdiction of the Court on the ground that the consideration of said note was the purchase of a slave, which resulted in the following entry being made upon said writ : " Dismissed for want of prosecution, November 10th, 1871 ;" that complainant has confounded this case with the one at bar; that defendant knows nothing of the levy and case being dismissed, but charges the contrary to be true, as will appear from the execution, upon which the levy stands undisposed of; that defendant has not heretofore prosecuted said levy to fruition, for the reasons that he was inhibited from so doing by the Constitution of 1868, it being for a slave debt.

The injunction was refused and the complainant excepted.

L. H. BRISCOE, by Z. D. HARRISON, for plaintiff in error.

CRAWFORD & WILLIAMSON, for defendant.

McCAY, Judge.

As we understand the record in this case, the complainant was entitled to have the defendant enjoined from proceeding to sell under the levy made in December, 1868. That levy was dismissed by the judgment of the Court at August term, 1872, as appears by the minutes of the Court, for want of prosecution of the proceedings then in Court. The plaintiff in *fi. fa.* was in *laches.* The effect, and the only effect of the order was to dismiss the levy ; with that fell, as a matter of course, the defendant's affidavit. The plaintiff now proposes to go on with his levy and sell the property levied on. This is in *defiance* of the judgment. Why make another affidavit of illegality ? If the plaintiff refuses to obey one judgment, may he not another ? Has not the defendant exhausted the law ?

He has got a judgment of the Court dismissing the levy, and yet the plaintiff perseveres. Equity is his only sure remedy. But it is said that Mr. Briscoe, the attorney of the defendant, did, in his name, make a second affidavit, and that the Court dismissed that affidavit. The dismissal of the affidavit for irregularity is not a judgment on the merits—is not *res adjudicata* of the dispute. It may, under our practice, prevent a second affidavit; and perhaps, for this very reason, equity would interfere. But it is stated in the bill, and is not denied, that Mr. Briscoe was detained, providentially, from Court, and that the proceeding was dismissed during his absence. Why does not this give the right to seek an injunction. No opportunity has since occurred to move again, on the ground of his sickness, and the plaintiff will have sold before the next session of the Court.

We do not, at present, see that any great harm can come from proceeding under the old levy. It may, however, make a difference, for reasons which the record does not show. It is enough that it is illegal.

Judgment reversed.