# CHARLESTON.

## HOWELL *v.* THOMASON.

*Holt, Judge, absent.

Submitted June 12, 1890.—Decided March 7, 1891.

1. INJUNCTION—EXECUTION.

     In a case, where by virtue of an agreement between a judgment-debtor and a judgment-creditor the judgment ought to be entered as satisfied, but in lieu thereof the creditor has an execution issued and levied upon the goods of the debtor, the latter can not obtain relief by injunction in a court of equity, for the reason that he has a complete and adequate remedy at law.

2. INJUNCTION—EXECUTION.

     Should the court, in such a case, after having granted an injunction, dissolve the same at a final hearing, it ought not to enter a personal decree against the plaintiff for the amount of the original judgment enjoined, but should simply dissolve the injunction and dismiss the bill with costs, and without prejudice to the plaintiff as to his defence at law against the enforcement of the execution.

*Dayton & Dayton* for appellant cited :

1 Pars. Conts. 438 § 4439; 1 Ves. Sr. 444; 6 Munf. 406; 2 Rand. 442; 5 Litt. 71; 15 Vt. 379; 4 Bibb 529; 5 Litt. 178; 8 Ham. 372; 5 Humph. 529; 1 A. K. Mar. 48; 4 Dana 309; 2 Paige Ch'y 478; 44 N. J. L. 174; 2 Sand'f. Ch'y 1; 51 Me. 78; Cooke 467; 4 Dana 620; 3 So. Rep. 314; 14 Atl. Rep. 222; 15 N. E. Rep. 587; 4 So. Rep. 321; 2 So. Rep. 373; 33 N. W. Rep. 332; 35 N. W. Rep. 377; 4 Atl. Rep. 756; 29 Fed. Rep. 175; 35 N. W. Rep. 1; 14 Pac. Rep. 236.

LUCAS, PRESIDENT :

This was a suit in chancery instituted by the plaintiff, and present appellant J. E. Howell, against John Thomason and David H. Lilly and J. R. McCullom, defendants below and present appellees.

It appears from the bill that on the 27th of July, 1887, Justice SHANNON, of Randolph county, rendered a judg-

ment against the plaintiff in favor of the defendant Thomason for one hundred dollars, seventy five dollars of which was for costs; the plaintiff then, as he alleges, applied to the Circuit Court of said county for a writ of *certiorari;* that about the same time the plaintiff had instituted an action against the defendant Thomason before Justice DEWITT, of the same county, in which he claimed three hundred dollars damages for a trespass; that while these proceedings were pending a compromise was reached, and a written agreement entered into between Howell and Thomason, a copy of which was filed as an exhibit with the bill, dated September 23, 1887, and stipulating that each party is to withdraw his suit now pending against the other, and describing the suit in which judgment was obtained before Justice SHANNON as a "suit tried before Squire SHANNON, now an appeal case;" that each party was to pay his own costs in said cases; that in consideration of three notes, for five dollars each, on John W. Bailey, and fifteen dollars in money, making thirty dollars paid to Thomason, Howell was to have the privilege of running certain timber across the property of Thomason or his wife by tramway, on or before June 1, 1888; and that if anything should happen that said timber was not moved before the above-named time, Howell was to have the privilege of running the same as aforesaid, by paying a reasonable damage. The plaintiff further alleges that he fully performed his part of said agreement by dismissing his suit before Justice DEWITT, and paying the said thirty dollars; but that Thomason had refused to withdraw the execution previously issued upon his judgment recovered before Justice SHANNON, and has required McCullom, the constable, to levy the same on plaintiff's property and advertise the same for sale; that the defendant Lilly claimed to be the owner by assignment of said Thomason's judgment or a part thereof, and was also urging the sale of plaintiff's property; but it was expressly denied that plaintiff had any knowledge of said assignment to Lilly prior to the execution of the compromise agreement; that said constable had advertised for sale plaintiff's property; and an injunction was asked restraining said sale and the collection of said judgment so settled as aforesaid.

In accordance with the prayer of the bill, an injunction was granted, and the cause regularly matured and set for hearing. The defendants Thomason and Lilly answered the bill, denying the material allegations, and alleging that the said agreement was procured by misrepresentation and fraud, and that Thomason was not in his right mind when he executed said agreement. The answers do not in terms demur to the bill, but do reserve "the benefit of all errors and insufficiencies in said bill." The Circuit Court upon the final hearing dissolved the injunction, dismissed the bill and gave a personal decree against the plaintiff for the amount of the original judgment.

The question which lies at the threshold is whether, upon demurrer, the bill could have been sustained, or ought it not to have been dismissed, as not containing sufficient matter to authorize the interposition of a court of chancery? The well-settled principle is that, where there is a remedy at law in all respects adequate, a Court of equity will not interpose by injunction or otherwise. There can be no doubt that courts of equity have sometimes restrained by injunction the collection of judgments which had been previously satisfied. See *Bowen* v. *Clark*, 46 Ind. 405 ; *Scogin* v. *Beall*, 50 Ga. 88 ; *Craft* v. *Thompson*, 51 N. H. 536. But the more recent and better authorities hold that, when the remedy at law is as complete and adequate as the remedy in equity, the chancery Court will not interfere by injunction. Thus, in his very recent work on the Law of Judgment (1891) Mr. Black says :

"Whether a bill in equity for an injunction is the proper remedy to prevent a judgment-creditor from proceeding to collect anew a judgment which has been in fact satisfied, has been disputed. Some of the cases hold that such an application is meritorious and should be allowed. But others, and we think with better reason, consider that equity ought not to interfere in such a case, inasmuch as the party has a prompt and adequate remedy at law." Black, Judgm. § 390.

So Mr. High, in his last edition on Injunction (1890, § 123) says : "There is also a noticeable want of harmony in the authorities upon the question of the right to enjoin the

enforcement of a judgment which has been already paid, either in whole or in part. The better-considered doctrine upon this subject, and that most in harmony with the general principles underlying the preventive jurisdiction of equity, is that an injunction should not be granted for the purpose of staying or preventing a sale under execution on the ground of payment in whole or in part, and that in all such cases the person aggrieved should be left to pursue his remedy at law." In support of this position Mr. High cites *Hall* v. *Taylor*, 18 W. Va. 544. Upon turning to that case, we find that it fully sustains the position that a defendant can not in a Court of equity enjoin the collection of an execution issued to enforce a judgment already satisfied, because he has an adequate and summary remedy at law, viz.: the motion to quash the execution because the judgment has been paid.

The provision of our Code on this subject is as follows : "A motion to quash an execution may, after reasonable notice to the adverse party, be heard and decided by the Court whose clerk issued the execution, or, if in a Circuit Court, by the judge thereof in vacation; and such judge or Court may, without such notice, make an order staying proceedings on the execution until such motion can be heard and determined. A copy of the order so made must be served upon the officer in whose hands the execution is." Code, c. 140, s. 17. It will thus be seen that this provision is ample to protect an execution-debtor from the levy of an execution upon a satisfied judgment, and is fully as complete and far less expensive and cumbersome than the resort to a court of chancery. See *Cockerell* v. *Nichols*, 8 W. Va. 159; *Bank* v. *Montgomery*, 11 W. Va. 169; *McCoy* v. *Allen*, 16 W. Va. 733.

For this reason, therefore, it was error in the court below to issue the injunction, and there was no error in the final decree entered the 12th day of January, 1889, to wholly dissolve said injunction.

The Circuit Court was not content, however, with dissolving the injunction at the costs of the plaintiff, but proceeded to enter a personal decree against him, and to award execution thereon in favor of D. H. Lilly, the assignee of

the original judgment. This was plainly erroneous. In the case of *Railway Co.* v. *Ryan*, 31 W. Va. 364 (6 S. E. Rep. 924) the Court in the syllabus, say : "A judgment pronounced by a justice without service of process upon or notice to the defendant is void. But as such judgment may be set aside, even when rendered upon the verdict of a jury, by the Circuit Court upon a writ of *certiorari*, the defendant in the judgment can not obtain relief against it in a court of equity. Where, upon a bill filed to enjoin a void judgment, the plaintiff is denied all relief, for the reason that he has an adequate remedy at law, it is error to enter a personal decree against the plaintiff for the amount of the judgment enjoined upon the dissolution of the injunction. In such case the only power possessed by the court is to dissolve the injunction and dismiss the bill, with costs."

That case is conclusive of the one we are now considering ; and the final decree of the Circuit Court must be reversed for the error indicated, and the appellant will recover his costs in this Court ; and, this Court now proceeding to enter such judgment as the court below ought to have rendered, it is adjudged, ordered and decreed that the bill of the complainant be dismissed, but without prejudice against him as to his defence at law against the enforcement of the judgment or execution in the bill and proceedings mentioned ; and that the defendants recover of the plaintiff their costs in this behalf in the Circuit Court expended.

REVERSED.