MATT CLARK *vs*. MARY B. LEE.

Submitted on briefs July 17, 1894.   Affirmed, July 26, 1894.

No. 8768.

**Action to set aside judgment for fraud.**

A party against whom a judgment has been obtained cannot, by commencing an action, under 1878 G. S. ch. 66, § 285, to set aside such judgment, make a defense against the judgment which should have been made in the original action in which the judgment was obtained, when there is no excuse for having failed to make such defense in that action.

Appeal by plaintiff, Matt Clark, from a judgment of the District Court of Hennepin County, *Seagrave Smith*, J., entered January 27, 1894, against him that he take nothing by this action.

On July 26, 1890, the defendant, Mary B. Lee, commenced an action against Matt Clark and obtained judgment by default November 28, 1890, for $4,989.71.   On August 6, 1892, he made a motion to set aside the judgment and be allowed to answer, but was denied.   *Lee* v. *Clark*, 53 Minn. 315.   He then commenced this action November 12, 1893, under 1878 G. S. ch. 66, § 285, to set aside and vacate that judgment on the ground that she had in her verified complaint in that action stated falsehoods material to that action.   He states nothing in his complaint in this action excusing his failure to appear and defend that action.   The defendant demurred to this complaint.   The court sustained the demurrer and judgment was entered in her favor.   He appeals.

*Nethaway & Gillen,* for appellant.

The trial court sustained the demurrer on the ground that 1878 G. S. ch. 66, § 285, does not apply to default judgments.   In this plaintiff submits there was error.   The complaint is sufficient on equitable grounds independent of the statute.   *Herbert* v. *Herbert,* 47 N. J. Eq. 11, and 49 N. J. Eq. 70; *Tomkins* v. *Tomkins,* 11 N. J. Eq. 512; *Johnson* v. *Coleman,* 23 Wis. 452; *Moore* v. *Gamble,* 9 N. J. Eq. 246; *Reed* v. *Harvey,* 23 Ark. 44.

*Penney, Welch & Haynes,* for respondent.

The question is, whether or not it affirmatively appears from the complaint that the judgment obtained in November, 1890, was obtained by means of the perjury, subornation of perjury, or any fraudulent act, practice, or representation of Mary B. Lee. There is no allegation in this complaint that he did not know the allegations of the complaint in the former action, or that he did not have full opportunity to answer it before the judgment was obtained. *Bomsta* v. *Johnson,* 38 Minn. 230; *Hass* v. *Billings,* 42 Minn. 63.

CANTY, J. This is an appeal from a judgment entered on an order sustaining a demurrer to the complaint on the ground that it does not state a cause of action.

This plaintiff was, in 1883, the agent of defendant to sell for her a quantity of pine logs. Plaintiff, as such agent, sold the logs to one Christopher Clark, and the purchase price was secured by a note for $8,000, made and delivered by the purchaser to defendant, and secured by a mortgage on the real estate of such purchaser. In 1884 this defendant, Lee, commenced an action in the district court of Houston county to foreclose this mortgage, and in 1886 judgment of foreclosure was entered adjudging the sum of $2,993.72 to be due on the mortgage. On August 4, 1887, this judgment was paid in full by said Christopher Clark, and satisfied by said Lee.

On July 26, 1890, said Lee commenced an action against this plaintiff in the district court of Hennepin county, in the complaint in which she alleged that he received a large quantity of logs, as her agent, to sell on commission; that the logs were "of the value and agreed price of $7,404.82, over and above commission to be paid" to him, and that he sold all of the same as such agent; "that defendant has accounted for and paid over to plaintiff, on account of such sales, the sum of $3,937.70, and no more, and defendant is now indebted to plaintiff thereon in the sum of $3,467.12, together with interest thereon since the 1st day of September, 1884." On November 28, 1890, judgment by default was entered in this action against the defendant therein, this plaintiff, for the sum of $4,989.71.

The action at bar was commenced November 18, 1893, under 1878 G. S. ch. 66, § 285, to set aside this judgment on the ground that it was obtained by fraud and perjury.

The complaint in this action sets forth all the facts above recited, and alleges that "all of the facts herein set forth, except placing of said logs in plaintiff's possession, and the sale thereof, were unknown to plaintiff prior to the entry of" said judgment against him. Plaintiff alleges that the sum received by Mrs. Lee on the judgment of foreclosure against Christopher Clark should have been credited to him, and taken out of said sum of $3,467.12 charged against him by Mrs. Lee, and that she fraudulently concealed from him the recovery by her of this sum, and committed perjury in verifying her complaint against him, which failed to give him this credit.     But plaintiff alleges nothing to show that he was not negligent in failing to know all of these facts, which he claims he did not know. Neither this complaint nor the complaint in the action against this plaintiff alleges that plaintiff in any manner ever guarantied the payment of the purchase price of the logs.     If said last-named complaint states any cause of action at all against this plaintiff, it is that he received the proceeds of the sale (which it may possibly infer, but does not allege), and failed to account for them or pay them over to Mrs. Lee.     The truth or falsity of these allegations were as well known to this plaintiff at the time that that action was commenced against him as they are now.

It was not alleged that it was his duty to collect the price of the logs, and he was not charged with any breach of any such duty in failing to collect such price.     If he made the sale, and had nothing to do with collecting or receiving the proceeds, it is immaterial to him whether or not Christopher Clark ever paid for these logs, or when he paid for them.     He was not liable to Mrs. Lee for the price of the logs, whether Christopher Clark ever paid for them or not, and should have defended that action, regardless of that matter. According to the complaint in this action, his liability does not depend on the state of the accounts between Christopher Clark and Mrs. Lee.     It is not necessary, in this action, to consider when a judgment obtained by fraud or perjury will be set aside by an action under said section 285.     The courts will certainly not in this way allow a party to open a default, and make a defense which he should have made in the original action, when there is no excuse whatever for his having failed to make it.     Neither is it material that the complaint in that action was verified.     Under our practice, a judg-

ment by default could have been entered on such a complaint when unverified. The verification did not aid in obtaining the judgment.

The complaint of this plaintiff herein further alleges that a firm of Fersun & Co. were the owners of the logs, and merely gave Mrs. Lee a right to sell them, and that she was not to be responsible for any loss. We fail to see how this is material in this case. The judgment appealed from should be affirmed.

So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 970.)

