MIAH T. HULETT v. HANNAH HAMILTON.[1]

January 8, 1895.

No. 9193.

**Action to Vacate Judgment—Practice.**

A judgment was entered against the plaintiff for the purchase price of land sold and conveyed to him by a quitclaim deed. Within a few weeks after the entry of such judgment he discovered that the grantor had no title, and commenced this action to vacate and set aside that judgment. *Held*, in the absence of fraud the action will not lie; that his remedy, if any he had, was by moving for a new trial in the former action on the ground of newly-discovered evidence.

**Quitclaim Deed—Action for Agreed Price—Title.**

But, *held*, he had no such defense; that in the absence of fraud the making and delivery of a quitclaim deed will support an action for the consideration agreed to be paid, even if the grantor had no title.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., denying motion for a new trial. Affirmed.

[1] Reported in 61 N. W. 672.

*James Spencer*, for appellant.

*Tinkham & Tinkham* and *J. H. Potter*, for respondent.

CANTY, J. The plaintiff purchased a piece of real estate of defendant, and she procured a quitclaim deed of the same to be made to him by one Bardon, who appeared of record to be the owner of the land. Subsequently she (this defendant) brought an action against him (this plaintiff) to recover a part of the purchase price, and thereafter on January 23, 1889, judgment was entered therein against him and in her favor for the sum of $1,329.20. In the first part of February following he brought this action against her, and in his complaint alleges that Bardon never owned the land; that it was patented to one Andrew Ackrer, but the patent was incorrectly recorded in the office of the register of deeds, so that the name in the record appears Andrew Acker; that a deed was recorded purporting to be made by Andrew Acker, and to convey this real estate to Bardon, but that the same was a forgery; and this plaintiff did not discover these facts until after the entry of said judgment, and prays that said judgment be set aside. On the trial the court found that the patent was made to Andrew Ackrer, and incorrectly recorded, so as to appear to be to Andrew Acker as aforesaid. He further finds "that the party patenting the lands in controversy was, at the time he located on said lands, and during his residence in St. Louis county, known among his neighbors and acquaintances as Andrew Acker"; "that one Andrew Acker, in good faith and for a valuable consideration, made, executed, and delivered the deed of said lands described in the complaint to John A. Bardon, plaintiff's grantor herein,"—but fails to find that such deed to Bardon was made by the real patentee, unless this must be drawn as a conclusion from the findings above quoted. The court further finds that this defendant procured Bardon to make, and Bardon made, the deed to plaintiff all in good faith, and that there was no fraud practiced on this plaintiff, who is still in possession of the land, and has not been disturbed in his possession. On these findings the court ordered judgment for the defendant, and from an order denying plaintiff's motion for a new trial he appeals.

The order appealed from should be affirmed. Conceding, without

deciding, that Bardon had no title, it would not have been a defense in the original action. In the absence of fraud, when the grantor is content with a quitclaim deed, the rule caveat emptor applies, and he must pay the consideration for the deed, whether he receives any title or not. Washington Ins. Co. v. Marshall, 56 Minn. 250, 57 N. W. 658; Mitchell v. Chisholm, 57 Minn. 148, 58 N. W. 873. But, even if the failure of title was a defense to a suit for the purchase money, it should have been set up in the former action, and in the absence of fraud cannot be used in this action as a defense to the plaintiff's claim in that action. See Clark v. Lee, 58 Minn. 410, 59 N. W. 970. If plaintiff had a remedy, it would have been by moving for a new trial in that action on the ground of newly-discovered evidence.

The order denying a new trial is affirmed.