JOHN BAER and MARY BAER, his wife, Respondents, v. HENRY K. HIGSON, E. V. DUNCAN and P. J. CONWAY, Appellants.

No. 1442.     (72 Pac. 180.)

Equitable Action to Set Aside Foreclosure Proceedings: Statutory Remedy.

Revised Statutes 1898, section 3005, provides: "When, from any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." In a foreclosure action, service of the summons was by publication. Defendants had actual notice of the action, but made no appearance or defense, suffered a default judgment to be entered, and, without objection, permitted a sale of the property to an innocent purchaser. After returning to the jurisdiction they made no effort, by motion or otherwise, to set aside the proceedings, so as to be permitted to answer to the merits. *Held*, that, as defendants could have obtained whatever relief they were entitled to on motion, they could not maintain a suit in equity to set aside the proceedings and have the mortgage declared void.

(Decided April 20, 1903.)

Appeal from the Third District Court, Salt Lake County.—*Hon. W. C. Hall*, Judge.

Action in equity to quiet title to certain real property; to declare void a certain mortgage covering the same and purporting to have been executed by the plaintiffs to defendant Conway; to set aside all the proceedings had under the mortgage and to enjoin the defendants and each of them from asserting any title or claim to the property. From a judgment in favor of the plaintiffs, the defendants appealed.

REVERSED.

*Edward McGurrin, Esq.*, for appellants.

The respondents had no standing in equity and the trial court erred in overruling the demurrer to the amended complaint and in denying the motion to dismiss the action. The judgment and decree of foreclosure complained of by the respondents was rendered on January 23, 1901, and the summons in that action had not been personally served upon the defendants therein.

Therefore, under this provision of section 3005, Revised Statutes 1898, the respondents, at any time prior to January 23, 1892, by motion in the foreclosure suit, could have had the judgment and decree vacated and set aside, and obtained permission to answer to the merits.

Such a remedy not only was plain, speedy and adequate, but during the period allowed in which the motion could have been made, it was exclusive.

Instead, however, of availing themselves of the remedy thus provided, the respondents instituted this, a separate and distinct action, addressed to the inherent equity powers of the court, and sought relief against a judgment and decree previously rendered, when such relief could have been as well obtained by a mere motion

made in the original action. This provision of the statute was taken from California (Cal. C. Civ. P., sec. 473), and its force and effect has been passed upon in several instances by the Supreme Court of that State. Ede v. Hazen, 61 Cal. 360; Imlay v. Carpenter, 14 Cal. 173; Bibend v. Kruetz, 20 Cal. 109; Logan v. Hillegass, 16 Cal. 201; Hintrager v. Sumbargo, 54 Ia. 604; Simpson v. Hart, 14 Johns. 63; Wilgensen v. Rewey, 59 Wis. 554; Bowers v. Tallmadge, 16 How. Pr. 325; Furnald v. Glenn (C. C.), 56 Fed. 372; Reed v. Prescott, 70 N. H. 88, 46 Atl. 457; Smith v. Kemmerer, 152 Pa. 98, 25 Atl. 165; Brown v. Chapman, 90 Vt. 174, 17 S. E. 855; Morrison v. Speer, 10 Grat. (Va.) 228; Howell v. Thomansen, 34 W. Va. 794, 12 S. E. 1088; Henderson v. Moore, 125 N. C. 383, 34 S. E. 446; Crocker v. Allen, 34 S. C. 452, 13 S. E. 650; Hart v. Lazaron, 46 Ga. 396; Roebling v. Stevens Elec. Co., 93 Ala. 39, 9 So. 369; Hulett v. Hamilton, 60 Minn. 21, 61 N. W. 672; Hockaday v. Jones, 8 Okla. 156, 56 Pac. 1054.

In addition to the foregoing citations, the attention of the court is directed to the following: 1 Spelling, Injunction and Ext. Rem., sec. 89; Freeman on Judg., sec. 497; Ratcliff v. Stretch, 130 Ind. 282; Mayo v. Bryte, 47 Cal. 626; Green v. Thomas, 17 Cal. 86; Sullivan v. Shell, 36 S. C. 578; 16 Am. and Eng. Ency. (2 Ed.), pp. 387-354; Pom. Eq. Jur., sec. 1361.

The evidence does not support the finding of the trial court to the effect that the failure of the respondents to appear in and defend the foreclosure proceedings was owing to excusable neglect. It has been said by this court that whether the neglect of a party to appear and defend an action brought against him is excusable or not, depends upon the peculiar facts and circumstances connected with each particular case. Bank v. Trumbo, 17 Utah 198.

The sale had pursuant to the decree of foreclosure was a judicial one, and hence the interest acquired by Duncan, the purchaser, could not be divested by the subsequent vacation and annulment of the judgment

and decree.    The judgment of the lower court not only vacated the decree of foreclosure, but adjudged that Duncan, the purchaser and the holder of the certificate of sale issued by the sheriff, had no interest in the premises.    This was error.    The decree of foreclosure directed that specific property be sold, and a sale had pursuant to such a decree is a "judicial" sale.    17 Am. and Eng. Ency. (2 Ed.), p. 954; Freeman on Jud. Sales, sec. 1; Studevant v. Norris, 30 Iowa 65; Hart v. Stull, 4 Md. Ch. 391; R. R. Co. v. Gay, 86 Tex. 571.

"The setting aside of a judgment will not affect the title to property which was the subject of the judgment or is affected by it, if it has passed to a purchaser in good faith, relying on the judgment."    Citizens' State Bank v. Hogmer et al. (Neb.), 76 N. W. 867; Security Abstract Co. v. Longacre, 76 N. W. 1073; Black on Judg. (2 Ed.), sec. 355.

*C. S. Price, Esq.,* and *Wm. M. McCrea, Esq.,* for respondents.

BARTCH, J.—This is an action in equity to quiet title to certain real property; to declare void a certain mortgage covering the property, and purporting to have been executed by the plaintiffs to defendant Conway; to set aside all the proceedings had under the mortgage, including a judgment and decree rendered in favor of defendant Higson in a foreclosure suit, where the mortgage was foreclosed and the property sold; and to enjoin the defendants, and each of them, from asserting any title or claim to the property, and from taking any further proceeding in respect to it by virtue of the decree of foreclosure.    It appears from the record that the foreclosure suit was instituted on November 2, 1900, and service of summons made by publication, the defendants therein (plaintiffs herein) then being non-residents and temporarily in Germany; that copies of the complaint and summons were mailed to them in Ger-

many, which they received early in December, and the receipt of which was acknowledged by the defendant Baer in that action on December 8, 1900; that he wrote to attorneys here, but gave no instructions to represent him or his wife in the foreclosure suit; that their default was entered and judgment of foreclosure decreed on January 23, 1901; that on February 19, 1901, the premises were regularly sold under the judgment to defendant Duncan, who was an innocent purchaser, and a certificate of sale issued to him; and that the plaintiffs herein claim that the mortgage was forged. They returned from Germany and came to Salt Lake City in May, 1901. On August 19, 1901, they instituted this suit. The defendants filed a demurrer to the complaint on the ground that it did not state a cause of action. This was overruled, and upon trial of the cause a decree as prayed for was entered in favor of the plaintiffs.

The decisive question presented is, are they entitled to any relief in this action? We think not. Any relief to which they might have been entitled they could have obtained in the foreclosure suit, wherein they were parties defendant, had they used due diligence. They had actual notice of the pendency of that suit, but put in no appearance, made no defense, suffered a default to be entered against them, and a judgment of foreclosure to be rendered, and, without objection, a sale of the property in dispute to be made to an innocent purchaser, who, so far as shown by the record, had no notice of their claim that the mortgage was a forgery. They have shown no excuse worthy of consideration for such negligence. Even after they came to Utah, within the jurisdiction of the court, they, previous to the filing of this suit in August, made no effort, by motion or otherwise, to set aside the proceedings in the foreclosure suit, so as to be permitted to answer to the merits; and yet all the while they had a plain, speedy, and adequate statutory remedy, by motion in the action in which the judgment they now seek to set aside and enjoin was rendered. In section 3005, Revised Statutes 1898, it is

provided: "When, from any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." Under this provision of the statute, the plaintiffs, could, upon proper application to the court by motion, have obtained whatever relief they were entitled to at any time within one year from the rendition of the judgment; they not having been personally served with summons in that action. This remedy was still open to them when they filed the present suit, and for about six months thereafter, and was fully as adequate and complete as, and certainly more speedy and less expensive than, an independent action in equity. Under such circumstances such an action is barren of any right to equitable interference. In such case, where parties have a remedy by motion, a separate and distinct suit in equity cannot be maintained. Under a statute like ours, and from which the above-quoted provision was doubtless borrowed, the Supreme Court of California has on numerous occasions ruled likewise in such cases. In Ede v. Hazen, 61 Cal. 360, it was said: "As appears upon the face of their complaint, the plaintiffs discovered within six months after the entry of their default all the facts upon which they now base their right to have it set aside; and if it be conceded that, upon those facts, they are entitled to the relief they now claim, it is clear that they had 'a speedy, complete, adequate, summary remedy in the same proceeding, and that the complaint shows no circumstances which entitled them to maintain a separate and distinct equitable action.' " So, in Borland v. Thornton, 12 Cal. 440, Mr. Justice Field, delivering the opinion of the court, said: "Equity will not entertain jurisdiction of a suit of this nature merely on the ground that the demand may be unconscientious and that injustice may have been done, provided it was competent for the party to have placed the mat-

ter before the court in the original action, either upon issue joined, or upon motion to set aside the verdict or judgment.'' Bibend v. Kruetz, 20 Cal. 110; Ketchum v. Crippen, 37 Cal. 223; Luco v. Brown, 73 Cal. 3, 14 Pac. 366; 2 Am. St. Rep. 772; Imlay v. Carpenter, 14 Cal. 173. Though the mortgage was forged and void, still equity would not maintain jurisdiction of an action for relief against the judgment in the foreclosure suit merely on that ground, so long as the remedy by motion existed. A court of equity will decline to enjoin the execution of a judgment, although the judgment be unjust, if the same result can be, or could by the exercise of due diligence have been, accomplished by motion in the action where the judgment was rendered. Where, however, such a judgment or decree has been obtained, and the time for such motion has expired, without fault of the party seeking relief, equity will interfere. Such is doubtless the weight of authority. In 1 Black on Judgments, section 362, the author says: ''The liberal practice of the courts in granting new trials and entertaining motions to vacate or open their own judgments, and the enactment of statutes in many of the States authorizing the setting aside of judgments taken against a defendant 'through his mistake, inadvertence, surprise, or excusable neglect,' have considerably abridged the province of equity in giving relief by injunction. And the rule is generally adhered to, as the more safe and conservative principle, that equity will not grant relief against an execution if the party can equally well be relieved, on motion, in the court which issued the execution, or has control of it. It is true that some cases maintain a different view; holding that although the judgment might be vacated or set aside on motion, and although the time for so moving has not yet expired, still equity may enjoin the enforcement of the judgment. But in so holding they depart from the fundamental principles of equity, and are not to be commended. If the time limited by law for seeking relief in the law court has already expired, without the neg-

lect or fault of the party, that, as stated in the preceding
section, is a different matter, and the right of equity to
interfere is unquestioned." In 1 Spelling on Injunc-
tions and Ext. Rem., sec. 89, it is said: "Equity will
not maintain jurisdiction of a suit for relief against a
judgment merely on the ground that the demand may be
unconscientious, and that injustice may have been done,
provided it was competent for the parties to have
pleaded the matter before the court in the original
action, either upon issues joined, or upon motion to set
aside the verdict or judgment; nor can the assistance
of equity be invoked so long as the remedy by motion
exists." In Furnald v. Glenn (C. C.), 56 Fed. 372, it
was said: "It appears to be established by the decis-
ions of the Supreme Court of the United States and
other authorities that one court should not interfere with
the operation of a judgment or decree of another court
because procured by fraud or collusion, if the complain-
ant either still has an opportunity to obtain relief by re-
vealing the facts to the latter court in the suit before it,
or has lost such opportunity by his own neglect." So,
in Mason v. Miles, 63 N. C. 564, it was observed: "It
is a well-settled principle of equity that, where a per-
son can have adequate relief by an order in a cause
pending in the same court, he shall not be allowed to
seek his remedy by a separate suit." 16 Am. and Eng.
Ency. Law (2 Ed.), 354, 387; 3 Pomeroy's Eq. Jur.,
sec. 1361; 2 Freeman on Judgments, sec. 497; Cowley
v. Northern Pac. R. Co. (C. C.), 46 Fed. 325; Bowers
v. Tallmadge, 16 How. Prac. 325; Hintrager v. Sumbar-
go, 54 Iowa 604, 7 N. W. 92; Long v. Eisenbeis
(Wash.), 51 Pac. 1061; Howell v. Thomason, 34 W. Va.
794, 12 S. E. 1088; Hulett v. Hamilton, 60 Minn. 21, 61
N. W. 672; Wilkinson v. Rewey, 59 Wis. 554, 18 N. W.
513.

We are of the opinion that the plaintiffs have mis-
taken their remedy, and that the demurrer to the com-
plaint ought to have been sustained. Entertaining this
view, it is unnecessary to discuss the other questions

presented. The judgment must be reversed, with costs, and the case remanded, with directions to the court below to dismiss the suit. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.