DUNNE, AS GUARDIAN, RESPONDENT, *v.* YUND ET AL., APPELLANTS.

(No. 3,552.)

(Submitted January 4, 1916.   Decided February 7, 1916.)

[155 Pac. 273.]

*Equity—Remedy at Law—Res Judicata—Real Property—Sales —Mortgages—Fraud—Judgments—Annulment.*

Equity—Remedy at Law—Failure to Pursue—Effect.

1.   Where the owner of land who had conveyed it with an agreement that the grantee should reconvey to him upon payment of a debt owed by him to the grantee, permitted his default to be entered in an action by the grantee to have the agreement to reconvey canceled because of the failure of the grantor to make payment, and thereafter neither he nor his guardian, subsequently appointed, asked to have the default set aside, the decree in favor of plaintiff became final and could not be set aside except for fraud, knowledge of which was ascertained after the time had expired within which such legal remedy might have been invoked.

Real Property—Sales—Contract to Reconvey—Mortgages.

2.   The owner of realty may sell it and receive back an agreement for a reconveyance the consideration for which is a pre-existing debt, without establishing the relation of mortgagor and mortgagee, the effect of the transaction—as to whether it constitutes a sale or a mortgage—depending upon the intention of the parties to be ascertained from the attendant circumstances.

Same—Decree—Annulment.

3.   A party who, having ample time to prepare and interpose his defense that an ostensible sale of realty was in fact intended as a mortgage, omits to interpose it, cannot, in the absence of fraud by his opponent by which he was deprived of his day in court, subsequently impeach the decree on the ground that an erroneous conclusion was reached.

Same—Decree—Annulment—Fraud.

4.   Suppression of the truth relating to the circumstances attending a transfer of realty, claimed by the seller to have been intended as a mortgage and not a sale, does not constitute the character of fraud for which equity will set aside a decree; the fraud in respect to which such relief will be granted must have been perpetrated by the adversary of the complaining party in some matter collateral to the issue tried, by which he was prevented from having a full hearing.

[As to absolute deed in form intended as mortgage, see note in 129 Am. St. Rep. 1137.]

On the question of jurisdiction of equity to cancel instrument notwithstanding remedy at law, see note in 5 L. R. A. (n. s.) 1048.

As to right to foreclose deed intended as security for debt, as an equitable mortgage, see note in 22 L. R. A. (n. s.) 572.

The question of whether a deed absolute on its face but intended as a mortgage conveys legal title is discussed in a note in 11 L. R. A. 209.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

SUIT by Orson H. Dunne, an incompetent, by Anna L. Dunne, his guardian, against Ida Yund and others. From a decree in favor of plaintiff, defendants appeal. Reversed, with directions to dismiss the action.

*Messrs. James A. Walsh* and *William T. Pigott,* for Appellants, submitted a brief; *Mr. Pigott* argued the cause orally.

The doctrines of equity jurisprudence forbid the granting of any relief because the statutory legal remedy was adequate. (*Wilson* v. *Harris,* 21 Mont. 374, 400, 54 Pac. 46; *Vantilburg* v. *Black,* 3 Mont. 459; *McCormick* v. *Hubbell,* 4 Mont. 87, 5' Pac. 314; *Baer* v. *Higson,* 26 Utah, 78, 72 Pac. 180; *Ede* v. *Hazen,* 61 Cal. 360; *Kloke* v. *Gardels,* 52 Neb. 117, 71 N. W. 955; *Kitzman* v. *Minnesota Thresher Mfg. Co.,* 10 N. D. 26, 84 N. W. 585.)

The judgment in the case of *Yund* v. *Dunne* is a complete bar to the maintenance of this suit. (*Reeder* v. *Reeder,* 68 Or. 163, 135 Pac. 176, 137 Pac. 191; *Lokowich* v. *City of Helena,* 46 Mont. 575, 129 Pac. 1063; *State* v. *District Court,* 34 Mont. 258, 86 Pac. 798; *Dunseth* v. *Butte & El. R. Co.,* 41 Mont. 14, 21 Ann. Cas. 1258, 108 Pac. 567; *Reich* v. *Cochran,* 151 N. Y. 122, 56 Am. St. Rep. 607, 57 L. R. A. 805, 45 N. E. 367; *Cromwell* v. *Sac County,* 94 U. S. 351, 24 L. Ed. 195; *Allen* v. *Allen,* 159 Cal. 197, 113 Pac. 160; *Olson* v. *Title Trust Co.,* 58 Wash. 599, 109 Pac. 49; *Suisun Lumber Co.* v. *Fairfield School District,* 19 Cal. App. 587, 127 Pac. 349; *Woolverton* v. *Baker,* 98 Cal. 628, 33 Pac. 731; *Quirk* v. *Rooney,* 130 Cal. 505, 62 Pac. 825; *Commissioners of Marion County* v. *Welch,* 40 Kan. 767, 20 Pac. 484; *Mound City* v. *Castleman,* 187 Fed. 921, 110 C. C. A. '55; *Jackson* v. *Lodge,* 36 Cal. 28; *Dowell* v. *Applegate,* 152 U. S. 327, 38 L. Ed. 463, 14 Sup. Ct. Rep. 611.) "A thing adjudged makes white, black; black, white; the crooked, straight; the straight, crooked." (1 Bouv. Inst., n. 840; 2

Bouv. Law Dict. 155.) This principle is as well settled as is the principle that a judgment is a bar to another action between the same parties upon the same cause of action. (*United States* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93; *Pico* v. *Cohn,* 91 Cal. 129, 25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537; *Heinrichsen* v. *Van Winkle,* 27 Ill. 334.)

*Mr. Wellington D. Rankin,* for Respondent, submitted a brief and argued the cause orally.

A mortgage can be foreclosed only by a judicial foreclosure and sale. (*First Nat. Bank* v. *Bell Silver & Copper M. Co.,* 8 Mont. 32, 19 Pac. 403; *Reynolds* v. *London & L. Fire Ins. Co.,* 128 Cal. 16, 79 Am. St. Rep. 17, 60 Pac. 467; *McCaughey* v. *McDuffie,* 7 Cal. Unrep. 175, 74 Pac. 751; *Byrne* v. *Hudson,* 127 Cal. 254, 59 Pac. 597; *McPherson* v. *Hayward,* 81 Me. 329, 17 Atl. 164.) The same method of foreclosure obtains in the case of an absolute deed intended as security, as in the case of a mortgage in the ordinary form. (*McCaughey* v. *McDuffie, supra; Grover* v. *Hawthorne,* 62 Or. 77, 114 Pac. 472, 121 Pac. 808; *Caro* v. *Wollenberg,* 68 Or. 420, 136 Pac. 866; *Krauss* v. *Potts,* 38 Okl. 674, 135 Pac. 362.)

The mortgagor may redeem at any time before his right of redemption is foreclosed. (Sec. 5723, Rev. Codes.) This section has been so construed in the case of *Grogan* v. *Valley Trading Co.,* 30 Mont. 229, 236, 76 Pac. 211; see, also, *Balduff* v. *Griswold,* 9 Okl. 438, 60 Pac. 223, where an identical section was construed.

A mortgagee cannot maintain a suit to quiet title and thereby foreclose the mortgage. (*Fields* v. *Cobbey,* 22 Utah, 415, 62 Pac. 1020; *Peninsular Naval Stores Co.* v. *Cox,* 57 Fla. 505, 49 South. 191.) By implication this court has held that a mortgage cannot be foreclosed by a suit to quiet title, in the case of *Gibson* v. *Morris State Bank,* 49 Mont. 60, 140 Pac. 76. It appears from the case of *Fields* v. *Cobbey, supra,* that a court in a suit to quiet title is without jurisdiction to foreclose a mortgage. The court in the case of *Yund* v. *Dunne* did not have

jurisdiction to foreclose the mortgage in the suit to quiet title. The court in that action was in possession of sufficient facts from the record to know that the transaction on its face was a mortgage. A contract of reconveyance made at the same date as a deed is a circumstance tending to show that the transaction was a mortgage; the general criterion being the existence or nonexistence of a continuing debt. (3 Pomeroy's Equity Jurisprudence, sec. 1195.) A similar transaction to the one at bar has been held to be a mortgage upon the face of the papers themselves by the supreme court of California in the case of *Baker* v. *Firemen's Fund Ins. Co.,* 79 Cal. 34, 21 Pac. 357.

That a court of equity may at any time set aside a judgment entered by a court without jurisdiction is well established. (*State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.)1098, 99 Pac. 291; *Smith* v. *Morrill,* 12 Colo. App. 233, 55 Pac. 824; *Iowa Savings & Loan Assn.* v. *Chase,* 118 Iowa, 51, 91 N. W. 807; *Combs* v. *Sewell,* 22 Ky. Law Rep. 1026, 59 S. W. 526.) A judgment rendered by a court without jurisdiction is void, and cannot form the basis of a plea of *res judicata.* (*Quaker Realty Co.* v. *Maier-Watt Realty Co.,* 134 La. 1030, 64 South. 897.)

A court of equity will grant relief from a judgment obtained through fraud or concealment. (*Mosby* v. *Gisborn,* 17 Utah, 257, 54 Pac. 121; *Herbert* v. *Herbert,* 49 N. J. Eq. 70, 22 Atl. 789; *Schneider* v. *Lobingier,* 82 Neb. 174, 117 N. W. 473; *Ewing* v. *Lamphere,* 147 Mich. 659, 118 Am. St. Rep. 563, 111 N. W. 187.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On July 26, 1909, Orson H. Dunne, the plaintiff, was the owner of 1,279.65 acres of farm land situate in Lewis and Clark county. He was indebted to Jacob A. Yund in the sum of $3,000. On that date, by warranty deed, he conveyed all of these lands to Yund. At the same time Yund and his wife,

Ida, entered into a written agreement with plaintiff to reconvey to him the lands upon these conditions: That he would pay to them at the expiration of three years the sum of $3,000; that he would annually pay interest on this sum at the rate of eight per cent per annum, and all taxes, assessments, *etc.*, then due or to become due during the existence of the agreement. It was stipulated that if plaintiff failed to meet any of the payments, including interest, when due, Yund and his wife, if they so elected, might declare the whole amount of indebtedness due, and, at their option, forfeit and terminate the agreement by giving ninety days' notice in writing of their intention to do so, setting forth in the notice the amount due and the time and place when and where payment must be made. The giving of notice and the failure of plaintiff to meet his obligation was declared sufficient to terminate the agreement and release Yund and wife from all obligations under it, to forfeit all right of plaintiff to have a reconveyance and all payments theretofore made by him, and to entitle Yund and his wife to enter and take possession. Time of payment was made an essential part of the agreement, and all of its terms were made obligatory upon the heirs, administrators, and assigns of the parties. On March 28, 1910, Yund died testate, and thereafter his estate was distributed under the terms of his will to Ida, his surviving widow, Walter S. Yund and Lauretta V. Yund, his children, all of whom are made defendants. On June 15, 1912, these defendants brought an action in the district court of Lewis and Clark county to obtain a decree directing a cancellation of the agreement, on the ground that it had been forfeited, because plaintiff had failed to comply with its terms, and awarding to them the possession of the lands. On September 12, 1912, plaintiff having failed to answer, his default was entered. Thereupon these defendants submitted their evidence, and the court rendered and caused to be entered a decree granting the relief demanded. On December 7, 1912, these defendants by warranty deed conveyed the lands to defendants Sieben and Grimes. On February 26, 1913, upon the petition of Anna L.

Dunne and others, filed in the district court of Lewis and Clark county, the plaintiff was adjudged to be incompetent, and on March 1 Anna L. Dunne was appointed and qualified as guardian of his person and estate. Thereupon this action was brought by him, through his guardian, to have the decree of September 12, 1912, annulled, to have himself decreed to be the owner of the land, to have his deed to Yund and his wife declared a mortgage, and to compel Sieben and Grimes to make conveyance to him upon his payment of $3,000, the amount of the mortgage debt, together with interest, taxes, *etc.*

Besides narrating a history of events as above set forth, the complaint alleges, in substance, the following: That at the time the transaction occurred between the plaintiff and Yund and wife, the plaintiff was financially embarrassed and needed money; that he was incompetent and unable to attend to his business affairs properly; that the deed to Yund was intended as a mortgage to secure the payment of money theretofore and at that time borrowed from Yund to the amount of $3,000; that these facts were known to the defendants Yund when they brought the action which resulted in the decree of September, 1912, as well as to Sieben and Grimes when they accepted their deed from their codefendants; that the facts showing the intention of Yund and wife and plaintiff were not disclosed to the court; that the purpose of defendants Yund in bringing the action and securing the decree was to foreclose plaintiff's equity of redemption, and thus fraudulently to obtain title to the lands for $3,000, whereas in fact they were worth $17,000. The defendants deny all these allegations, and allege that the issues in that case were the same as those presented herein, and that plaintiff is estopped by the decree from asserting any claim to the lands.

The court found that the allegations of the complaint were true, with these exceptions: With reference to the allegations that there was a great disparity in the amount of indebtedness due the Yunds and the value of the lands, that the plaintiff was in straitened circumstances, and that the defendants were

guilty of fraud, it made no findings. It found that plaintiff was not insane or incompetent to attend to business either when his conveyance was made or when the action was brought in which the decree was rendered. It found further that, when the action was brought, plaintiff was in default in the payment of interest and taxes, and that notice of ninety days had been given to plaintiff by the Yunds that they had elected to exercise their option under the agreement, and that unless he made payment according to its terms they would declare it forfeited; that plaintiff was personally served with summons in the action; that, though he did not formally appear therein, the time for answering was extended from time to time at his request until September 12, when the decree was rendered and entered; and that no appeal was taken therefrom, nor was any application for a new trial made nor any proceeding taken to have the default set aside and the decree vacated. Upon these findings it rendered a decree granting the relief demanded. The defendants have appealed. The appeal is submitted on the judgment-roll alone. The contention made is that the findings do not support the decree.

The district judge evidently entertained the opinion that, since the evidence at the trial disclosed that the transaction between Yund and wife and plaintiff constituted a mortgage, the decree of September 12 was void because, the relation of mortgagor and mortgagee having once been established, the mortgagor's right of redemption could not be taken away in any other manner than by an action in foreclosure under the provisions of the statute. (Rev. Codes, sec. 6861.) That this is so is made clear by his omission to make any finding with reference to the value of the lands or the financial condition of plaintiff or upon the question of fraud, and also by the following conclusion of law which is made the basis of the decree: "That in order to deprive the said Orson H. Dunne of said rights as mortgagor to and of his ownership in said property, foreclosure of said mortgage would be and is necessary; that said Orson H. Dunne owns said lands subject to the lien of said mortgage

and the right of said defendants to foreclose the same;   \*  \*  \* that upon foreclosure said Dunne has and will have all the rights of redemption provided by law.''

Upon the assumption that it was within the power of the court to render the decree of September, 1912, in the action as [1] it was presented to it, the trial court was without power to grant relief in this case. When the action was brought, plaintiff was competent. He was personally served with summons and a copy of the complaint, and was therefore informed of the nature of the claim made by the Yunds. He nevertheless permitted his default to be entered and the decree to be rendered. It does not appear that the Yunds did any act to prevent him from setting up the defense that the transaction was intended as a mortgage. If this had been the case, or the default had been entered through his mistake, inadvertence, surprise or excusable neglect, he had an adequate remedy under the statute (Rev. Codes, sec. 6589) which he could have invoked. Even after he was adjudged incompetent, his guardian could have invoked it in his behalf. Both having omitted to invoke it and no excuse for the omission appearing, the decree, though it be conceded that it was erroneous, became effective, and the court could not entertain an action to set it aside, except for fraud, knowledge of which was ascertained by plaintiff or his guardian after the time had expired within which the legal remedy might have been invoked. This rule is founded upon the elementary principle that, when one has an adequate remedy at law, a court of equity has no jurisdiction to grant him relief. The principle is recognized by the courts generally. (*Vantilburg* v. *Black,* 3 Mont. 459; *McCormick* v. *Hubbell,* 4 Mont. 87, 5 Pac. 314; *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46; *Baer* v. *Higson,* 26 Utah, 78, 72 Pac. 180; *Ede* v. *Hazen,* 61 Cal. 360; *Kloke* v. *Gardels,* 52 Neb. 117, 71 N. W. 955; *Kitzman* v. *Minnesota Thresher Mfg. Co.,* 10 N. D. 26, 84 N. W. 585; *Wieland* v. *Shillock,* 23 Minn. 227; 11 Ency. Pl. & Pr. 1187.) These authorities are all based upon statutes similar to section 6589, *supra,* and, upon the assumption that the decree in question is valid,

are conclusive upon plaintiff's right to relief; for this case is one in which, upon the facts found, the plaintiff had an adequate remedy at law which he failed, without excuse, to avail himself of when he had full opportunity to do so.

It remains to inquire whether the decree was such as the court **[2]** might have rendered. Counsel for plaintiff, in order to sustain the decree in this case, invokes the principle that, when the relation of mortgagor and mortgagee has once been established between the parties, the right of redemption is vested in the mortgagor regardless of stipulations of the parties to the contrary, and insists that the court was without jurisdiction to render the decree of September, 1912. In support of his contention, he cites section 5715 of the Revised Codes, which declares: "All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void." He also relies on section 6861, which provides: "There is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter," *etc.* He argues that, under these provisions, no matter what form an action may assume, if in fact the relation of mortgagor and mortgagee exists between the parties, the court is without power to adjust their rights except by foreclosure as provided in section 6861, and that, though these rights have once been adjusted by decree, the decree may be avoided by an independent action, even though it was rendered by consent or because the court rendering it did not know or erroneously concluded that the relation did not in fact exist. It is competent for one person to sell land to another and receive an agreement for a reconveyance, even though the consideration for the sale is a pre-existing debt, without establishing the relation of mortgagor and mortgagee. In many cases, indeed in most in which the question arises whether the particular transaction discloses this relation, the fact depends, not upon a construction of the writings executed at the time, but

upon the intention of the parties, to be ascertained from the attendant circumstances. The result of the particular transaction, like the one here, will be held to be a sale with an agreement to reconvey, or to establish the relation of mortgagor and mortgagee, according as the proof of the attendant circumstances tends to show that the one or the other was the purpose of the parties. (*Gassert* v. *Bogk*, 7 Mont. 585, 1 L. R. A. 240, 19 Pac. 281; *Grogan* v. *Valley Trading Co.*, 30 Mont. 229, 76 Pac. 211; *Morrison* v. *Jones*, 31 Mont. 154, 77 Pac. 507; *Murray,* v. *Butte-Monitor Tunnel Co.*, 41 Mont. 449, 110 Pac. 497, 112 Pac. 1132.) The fact that the court, in adjusting the rights [3] of the parties, reaches an erroneous conclusion that there was no mortgage when in truth there was one, in no wise affects the validity of the result. If the parties have been accorded a full hearing at an adversary trial or the opportunity to have such a hearing has been afforded, the result is binding on both, and neither can thereafter impeach it on the ground that the court reached an erroneous conclusion. The action resulting in the decree of September, 1912, was brought upon the theory that the transaction between the plaintiff and Yund and wife was a sale with an agreement to reconvey. The complaint stated a cause of action upon that theory. Plaintiff, being then competent, had full knowledge of the fact that the defendants Yund were making this claim. Though he had ample time to prepare and interpose the defense that he was a mortgagor of the property and not a purchaser under the agreement to reconvey, he failed to interpose it. In the absence of fraud by the Yunds or some act on their part by which he was deprived of his day in court, the decree became conclusive against him. Under the circumstances, the provisions found in the statutes *supra* were defensive weapons to be used by the plaintiff, at his option, to protect his rights, and not limitations upon the power of the court to decide the case as it was presented. His neglect to use them may not now be alleged as a reason why the result should be set aside. "Every person is bound to take care of his own rights, and to vindicate them in due season, and in proper order.

This is a sound and salutary principle of law. Accordingly, if a defendant, having the means of defense in his power, neglects to use them, and suffers a recovery to be had against him by a competent tribunal, he is forever precluded." (*Le Guen* v. *Gouverneur & Kemple,* 1 Johns. Cas. (N. Y.) 436, 1 Am. Dec. 121.) The rule here stated is found embodied in the Revised Codes, in sections 7914 and 7917, and has many times been recognized and applied by this court. (*State ex rel. Pool* v. *District Court,* 34 Mont. 258, 86 Pac. 798; *Dunseth* v. *Butte El. Ry. Co.,* 41 Mont. 14, 21 Ann. Cas. 1258, 108 Pac. 567; *Lokowich* v. *City of Helena,* 46 Mont. 575, 129 Pac. 1063; *Peterson* v. *City of Butte, ante,* p. 13, 155 Pac. 265.

It does not aid the plaintiff, if it be conceded that the Yunds [4] failed to disclose to the court, either in their complaint or by their proof, all the circumstances attending the transaction between plaintiff and Yund and wife. Let it be assumed that the defendants Yund purposely suppressed the truth relating to it. This did not constitute the character of fraud against which a court of equity will grant relief. To have a decree set aside for fraud, it is necessary for the complaining party to allege and prove fraudulent acts by his adversary in some matter collateral to the issue on trial, by which he was prevented from having a hearing. "The fraud in respect to which relief will be granted in any case must have been practiced upon the unsuccessful party, with the result that he has been prevented from fully and fairly presenting his case for consideration. In short, the situation in the case must have been such that there has never been a decision in a real contest over the matter in controversy." (*Kennedy* v. *Dickie,* 34 Mont. 205, 85 Pac. 982.) In other words, the fraud must have been extrinsic and collateral to the matter tried in the former action, and not in a matter tried upon its merits and upon which the decision was rendered. That the offending party imposed upon the court, that he procured his judgment upon a forged instrument or by the use of perjured testimony, or other similar fraud, cannot avail. The possibility of the presence of this character of fraud

is always to be anticipated, and each party must be prepared to meet and expose it then and there. If he fails to do this, he cannot thereafter question the validity of the result. (*Kennedy* v. *Dickie, supra,* and cases cited.) The action by the defendants Yund necessarily involved the right to have the agreement canceled as a forfeited contract of sale. It necessarily involved plaintiff's right of redemption. This left the case open to him to interpose his defenses. By remaining silent and refraining from making use of them he impliedly agreed that the claim of the Yunds was proper, and he cannot now be heard to assert the contrary.

The decree is reversed, and the district court is directed to dismiss the action.

*Reversed, with directions.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.