# MAGGIE HOAGLAND, Appellant *v.* FRANK HOAGLAND, Respondent.

Husband's Right to Alimony—Sec. 485, Statutes of Colo., 1883, Construed. Judgment—Collateral Attack—Jurisdiction of Parties. Judgment Roll—What Constitutes under Sec. 210, p. 82, Colo. Civil Code, 1877—Impeachment of. Recitals in Decree—Import Verity. Order for Publication—Absence from Record—Effect of.

1. *Husband's Right to Alimony—Sec. 485, Statutes of Colo., 1883, Construed.*

A husband is not entitled to alimony, or an allowance, except as provided by statute, and there being no Colorado statute granting a husband alimony, Sec. 485, Statutes of Colorado, 1883, applies only to actions by a wife against her husband. In an action by the husband he is not obliged to relinquish something which he could not recover in any event.

2. *Judgment—Collateral Attack—Jurisdiction of Parties.*

Where a judgment is attacked collaterally, the jurisdiction of the parties can only be determined by an inspection of the record.

3. *Judgment Roll—What Constitutes under Sec. 210, p. 82, Colorado Civil Code, 1877.— Impeachment of.*

Under the provisions of Sec. 210, p. 82, Civil Code of Colorado, 1877, the summons, the affidavit, or proof of service, the complaint with a memorandum of default indorsed, and a copy of the judgment constitutes the judgment roll, and nothing else, even if it appears of record, can be used to impeach the decree when attacked collaterally:

4. *Recitals in Decree—Import Verity.*

Recitals of jurisdictional facts in a record and decree import verity and binding effect, and must be so treated when attacked collaterally.

5. *Order for Publication—Absence from Record—Effect of.*

In a collateral attack upon a judgment absence from the record of an order for publication of summons, when service was had by publication, in no manner vitiates the decree where the decree recites the necessary jurisdictional facts, and the

filing of the order for publication is not required by the statute.

6. *Collateral Attack—Decree Conclusive unless disputed by Record.*

In a collateral attack upon a judgment when other portions of the record are silent and there is nothing to dispute the recitals in the decree, the presumption is that the court acted upon proper evidence before it, even if there is no statute defining what the judgment roll shall contain.

(Decided March 17, 1899.)

Appeal from the Third District Court, Hon. Ogden Hiles, *Judge.*

Action for the purpose of obtaining permanent alimony under Chap. 33, p. 111, Laws of 1896.

From a judgment dismissing plaintiff's action, plaintiff appealed. *Affirmed.*

*Messrs. Shepard & Sanford,* for appellant.

A judgment which has for its basis a mere blank order is not worth the paper on which it is written, and we do not perceive under what authority it can be held to have any validity whatever. *People* v. *Ray.*, 12 Pac. Rep. 160; *People* v. *Mullan*, 65 Cal., 396; *People* v. *Applegrath*, 64 Cal., 229; *Chase* v. *Kaynor*, 43 N. W., 269; *Platt* v. *Stewart*, 10 Mich., 263.

It appears conclusively from the record that the publication of summons was commenced before the affidavit was filed, and hence before there was any possibility of an order having been or could have been issued legally. This shows clearly that the whole proceeding is void, for the order for publication should not be issued until there is some evidence going to show that it is necessary to resort to this manner of obtaining jurisdiction of the per-

son, and the authorities hold that such an errror makes
void the whole proceeding. *Bradley* v. *Jamison*, 46
Iowa, 68; *Brown* v. *St. Paul*, 38 ·N. W., 698; *Barber*
v. *Morris*, 33 N. W., 559; *Anderson* v. *Coburn*, 27
Wis., 562; *Cummings* v. *Tabor*, 21 N. W., 72; *Murphy*
v. *Lyons*, 28 N. W., 328; *Corson* v. *Shoemaker*, 57 N.
W., 134; *Parish* v. *Parish*, 32 Ga., 653; *Steere* v. *Van-
derberger*, 35 N. W., 110; *Priestman* v. *Priestman*, 72
N. W., 534.

It is a settled rule of law that all exceptional methods
of obtaining jurisdiction over persons not found within
the State must be confined to the cases and exercised in
the way precisely indicated by the statute, and it may also
be regarded as settled law that a failure to comply with
the statutory requirements when the jurisdiction conferred
is special and no personal service is obtained, renders the
judgment null and void. *Thompson* v. *Thomas*, 11
Mich., 274; *King* v. *Harrington*, 14 Mich., 532; *Miller*
v. *Babcock*, 29 Mich., 526; *Johnson* v. *Delbridge*, 35
Mich., 436; *Woolkins* v. *Haid*, 49 Mich., 299; 13 N.
W., 598; *Rolfe* v. *Dudley*, 58 Mich., 208; 24 N.
W., 657.

We think it clear that the jurisdiction of the court by
which a judgment is rendered in any State may be ques-
tioned in a collateral proceeding in another State notwith-
standing the provision of the Fourth Article of the
Constitution and the law of 1790, and notwithstanding
the averments contained on the record of the judgment
itself. Black on Judgments, Secs. 897 and 901; Van
Fleet on Collateral Attack, Sec. 483; Stewart on Marriage
and Divorce, Sec. 419; Bishop on Marriage and Divorce,
Sec. 102; *Simmons* v. *Saul*, 138 U. S., 448; *Machine
Co.* v. *Radcliffs*, 137 U. S., 287; *Kingsbury* v. *Yuistra*,
59 Ala., 320; *Greenzweig* v. *Strelinger*, 103 Cal., 278;

*Marr* v. *Wetzel*, 3 Colo., 2; *Aldrich* v. *Kinney*, 4 Conn., 380; 10 Am. Dec., 151; *Mitchel* v. *Ferris*, 5 Houston, (Del.), 34; *Sammis* v. *Wrightman*, 12 So. Rep., 526; *Davis* v. *Smith*, 5 Ga., 274; 47 Am. Dec., 279; *Kingsbury* v. *Tously*, 47 N. E., 541; *Murray* v. *Murray*, 6 Oregon, 17; *Price* v. *Harrell*, 29 At. Rep., 279; *Rathbone* v. *Terry*, 1 R. I., 73; *Mc Creery* v. *Davis*, 22 S. E., 178; *Chaney* v. *Bryan*, 15 Lea (Tenn.), 589; *Leith* v. *Leith*, 39 N. H., 20; *Carlton* v. *Bickford*, 79 Mass., 595; *People* v. *Dowell*, 25 Mich., 247; 12 Am. Rep., 260; *Hays* v. *Merkle*, 67 Mo. App., 55; *Barlow* v. *Steele*, 65 Mo., 611; *Miller* v. *Ewing*, 6 Sme. & Mar. (Miss.), 421; *Eaton* v. *Hasty*, 6 Neb., 419–428; 29 Am. Rep., 365; *Gregory* v. *Gregory*, 78 Me., 187; 57 Am. Rep., 365; *Hoffman* v. *Hoffman*, 46 N. Y. App., 328; *Adams* v. *Washington*, 10 N. Y. App., 328; *Starbuck* v. *Murray*, 5 Wend., 148; *Borden* v. *Fitch*, 15 Johns, 140; *Price* v. *Ward*, 25 N. J. L., 225; *Bowler* v. *Huston*, 30 Gratt (Va.), 266; *Aultman* v. *Mills*, 36 Pac., 1046; *Crumlish* v. *Central*, *etc.*, 18 S. E., 456; *Rape* v. *Heaton*, 9 Wis., 328; *Bank* v. *Anderson*, 48 Pac., 197; *Southern Ins. Co.* v. *Wolverton*, 19 S. W., 615; *Isett* v. *Stewart*, 80 Ill., 404; *Pond* v. *Simmons*, 45 N. E., 48; *Raymond* v. *Raymond*, 37 S. W., 202; *Harshey* v. *Blackmarr*, 20 Iowa, 161; *Lowe* v. *Lowe*, 40 Iowa, 220; *Martin* v. *Gray*, 19 Kan., 458; *Thorn* v. *Solmonson*, 15 Pac., 588; *Wood* v. *Wood*, 78 Ky., 624.

*Messrs. C. F. & F. C. Loofbourow*, for respondents.

The county court of Colorado is a court of record, and its decree is conclusive on all questions of fact when collaterally attacked. 20 Am. & Eng. Ency. of Law, p. 502; Van Fleet on Collateral Attack, Sec. 526; 1 Black on Judgments, Secs. 270, 271, 273; 2 Black on

Judgments, Secs. 857, 883, 889; Central Law Journal, March 4, 1898; *Hughes* v. *Cummings*, 2 Pac., 289; *Keyser* v. *Canfield*, 49 Pac., 1066; *Charon* v. *Muton*, 31 Ga., 34; *Brown* v. *Tucker*, 7 Colo., 34; *Amy* v. *Amy*, 42 Pac., 1121.

Neither the affidavit for publication nor the order for publication, if they were both here, could be used to impeach the decree, because they are not parts of the judgment roll or record. *Hahn* v. *Kelly*, 34 Cal., 404; *Sharp* v. *Daughney*, 33 Cal., 512; *Quincy* v. *Porter*, 37 Cal., 464; *Amy* v. *Amy*, 42 Pac., 1121 (Utah).

These recitals in the decree cover the jurisdictional requirements, and the absence or loss of the order does not and can not contradict or impeach the decree. Black on Judgments, Vol. 1, Secs. 273, 886; Van Fleet on Collateral Attack, Sec. 857; *Harris* v. *Lester*, 80 Ill., 307; *O'Rear* v. *Lazarus*, 9 Pac., 621; *Naylor* v. *Mettler*, 11 Atl. Rep., 859; *Rawlins* v. *Henry*, 78 N. C., 342–344; *Miller* v. *Hardy*, 40 Ill., 443.

## Per Curiam.

This action was brought in Salt Lake County on October 27, 1897, by the appellant against the respondent for the purpose of obtaining permanent alimony under Chap. 33, p. 111, Laws of 1896. The parties were married at Buena Vista, Colo., in July, 1881, and lived together in Colorado from one to three months. The complaint alleges that one child was born of the marriage, who is now about 15 years old, residing with the plaintiff; that the defendant is and has been a resident of Utah for five years, and owns real estate and personal property in this State; that during the year 1883, the defendant willfully abandoned and deserted the plaintiff, and has continued

such desertion and abandonment against her will, and has failed to provide her with the necessaries of life during that period, although able to do so.    The plaintiff in her complaint prays for the allowance of alimony, attorney's fees, and expenses of suit.

The defendant answered admitting the marriage in Colorado, July 1, 1881, but denies that the parties are now husband and wife; denies that the plaintiff is a resident of Utah; denies the desertion of the plaintiff, as alleged in the complaint; denies that the parties lived together as husband and wife to exceed one month from the date of the marriage; denies that the child was born of said marriage, and alleges that in August, 1881, the plaintiff deserted and abandoned the defendant without cause, and left the abode of defendant, and refused to return or live with him as his wife, and that such desertion continued until he was divorced from her in March, 1886; that on the 8th day of March, 1886, he obtained a decree of divorce from the plaintiff in the county court of San Juan, Colo., in an action in which the defendant herein was plaintiff, and the plaintiff herein was defendant; that said court had full jurisdiction in said case, and said decree was entered of record in said court dissolving the bonds of matrimony then existing between them, and released the defendant from any and all obligations growing out of said marriage relations; that said decree stands in full force, and has never been reversed; that the plaintiff had full knowledge and notice of said decree; that the alleged cause of action is barred by Sec. 3150, C. L. U., 1888; that the plaintiff is guilty of laches, and that the defendant in reliance upon said decree of divorce contracted a marriage, and is now the lawful husband of another woman.

Upon the hearing of the case it appeared that while the

parties lived in Colorado, and after their separation, the defendant filed his complaint against the plaintiff for divorce upon the ground of plaintiff's desertion of him, and that upon the 8th day of March, 1886, a decree of divorce was granted to the defendant, Frank Hoagland. Mr. Hoagland removed from Silverton to Durango, Colo., in 1888, where he lived two years, after which he came to Salt Lake City, Utah, and in 1895 he was married to another woman. In 1886 Mrs. Hoagland brought a suit against Mr. Hoagland in La Plata County, Colo., for maintenance. This suit was afterward dismissed. Shortly after this she was informed by Mr. Hoagland of his decree of divorce obtained from her in San Juan County. In May, 1889, Mrs. Hoagland commenced a second suit for divorce from Mr. Hoagland, in Lake County, Colo. Summons was personally served in this case. This case was dismissed November 20, 1894. On November 22, 1894, Mrs. Hoagland commenced a third suit for divorce in Lake County, Colo. Mr. Hoagland was then living in Salt Lake City, and the summons was served upon him here. This last suit was since dismissed. In the fall of 1897, Mrs. Hoagland came to Salt Lake City and commenced the present action for support and maintenance. Upon the trial of this case the court dismissed the action, and the plaintiff appealed.

Plaintiff attacks the decree and judgment awarding Frank Hoagland a divorce on the ground that it is void, and that the court had no jurisdiction of the subject matter of the action or the person of the defendant. The first ground alleged is that Sec. 485 of the statutes of Colorado, of 1883, provides. that, "in all actions for divorce, the petition, or bill of complaint, shall aver that plaintiff does not ask or seek alimony in excess of the said sum of two thousand dollars," and that the complaint

shows upon its face that this allegation was not contained therein. No adjudications under this statute have been called to our attention.

Alimony is defined to be an allowance which a husband by order of court pays to his wife, living separate from him, for her maintenance.

The general statutes of Colorado, 1883, p. 398, Sec. 1098, in force at the time of this proceeding, makes provision for the allowance of alimony to a wife, but nowhere, so far as we can discover, makes any provision for the allowance of alimony to the husband.

The supreme court of Colorado, in the case of *Meldrum* v. *Meldrum*, 24 Pac. Rep., 1083, say that the wife alone can maintain an action for alimony. To the same effect are *Sommers* v. *Sommers*, 39 Kan., 132; 2d Am. & Eng. Ency. of Law (2d ed.), p. 92.

So far as we are able to ascertain, the husband is not entitled to alimony, or an allowance out of the property of his wife, except as provided by statute. It is evident, therefore, that the section of the statute referred to applies to cases commenced by the wife for divorce and alimony, and not to cases commenced by the husband, as it would seem to be wholly unnecessary for a plaintiff in a complaint to relinquish a thing which he could not recover in any event. We are of the opinion that the statute refers to that class of divorce cases where alimony can legally be recovered.

Defendant, Frank Hoagland, made and filed his complaint in San Juan County, Colo., November 5, 1885, to procure a decree of divorce from Maggie Hoagland, the plaintiff herein, on the ground of desertion. Summons was duly issued on such complaint, and the sheriff made return that he was unable to find the defendant in his county. The plaintiff made an affidavit for an order of publica-

tion of summons, dated November 9, 1885, in substantial compliance with the statute, as held in *Calvert* v. *Calvert*, 24 Pac. Rep., 1043. Aside from the recitals in the decree, it does not appear that any order of publication was made or filed with the clerk. The record is silent upon this subject. It does appear that the summons was published, and an affidavit of publication of the summons and notice of the publication was made by the publisher of the Animas Fork *Pioneer*, a newspaper published in San Juan County, Colo., and that such notice was first published November 7, 1885, and was published thereafter in each weekly issue of said newspaper for five weeks, for the full period of thirty days, the last publication being in the issue dated December 12, 1885. The decree of divorce was granted March 8, 1886, and recites among other things that, "It appears to the court that a summons was regularly issued in this cause, and that said summons was duly served upon the above-named defendant by publication of the same for more than four weeks under the order of this court, more than eighty days prior to this date, in the Animas Fork *Pioneer*, and in the manner prescribed by law, and the defendant having failed to appear and answer the plaintiff's said complaint or demur thereto, as required by law, the default of the defendant in the premises was thereupon duly entered of record."

The appellant contends that the clerk of the court should grant the order of publication under Sec. 44 of the Colorado statute, and that as no order was made or filed, as appears of record, the publication of the summons was without authority, and the judgment, therefore, invalid.

Appellant also contends that the publication was commenced, as appears by the publisher's affidavit, November 7, while the affidavit for publication was not filed until November 9, as appears from the jurat.

The first question to be determined is, did the county court of San Juan County, Colo., have jurisdiction of the parties?

At the time the suit was commenced and the decree obtained, both the parties resided in Colorado, and were subject to its laws. The judgment was a domestic judgment, rendered by a court of record of the State of the domicil of the parties. The judgment is attacked collaterally. In a collateral proceeding the question of the jurisdiction of the parties can only be determined by an inspection of the record. *Amy* v. *Amy*, 12 Utah., 278.

The judgment rendered in this case in Colorado upon substituted service of process, such as the law has authorized, should be considered as standing in the same situation, and as binding between the parties in this and every other State, as a bar to a second suit, and as conclusive upon the defendant, as it is in the State where it was rendered. 2 Black on Judgments, Secs. 926, 927.

The county court of Colorado is a court of record, and is invested by the statutes of that State with jurisdiction in divorce cases. Mills Anno. Code, Sec. 1054; *Coon* v. *Regdon*, 4 Colo., 279.

This being so, the record is conclusive on all questions of fact when collaterally attacked. Van Fleet on Collateral Attack, Sec. 576.

The question then raised is what constitutes the record in this case?

By the provisions of Sec. 210, p. 82, Civil Code of Colorado, 1877, in force when this judgment was entered, it is provided, that in case the complaint is not answered by any defendant, the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed upon the complaint that the default of the defendant in not answering was entered, and a copy of the judgment, shall constitute the judgment roll.

We find no provision of the Colorado statute requiring the order for publication to be filed or made of record. This judgment roll constitutes the record.   Therefore, neither the affidavit to obtain publication, nor the order for publication, if they both appeared in the record, could be used to impeach the decree in a collateral attack upon the judgment, because they are not a part of the record or judgment roll.   This doctrine was clearly held by our Territorial Supreme Court in the case of *Amy* v. *Amy*, 12 Utah, 278, a case involving the same questions as are here presented, under a similar statute of this State, and is supported by *Hahn* v. *Kelly*, 34 Cal., 404; *Sharp* v. *Daughney*, 33 Cal., 512; *Quincy* v. *Porter*, 37 Cal., 464.

It will be seen by the recitals in the decree, that it appeared to the court that the summons was duly served by publication, under an order of the court, in the manner provided by law, and that the default of the defendant was duly entered of record.   These recitals in the record and decree of the court import verity and are of binding effect, and must be so treated for all purposes of this collateral attack upon the judgment.   Thus, in this case, it must be taken that the court acted upon proper evidence, ascertained and set forth in the record the facts that the defendant in the proceeding was duly served by publication under the order of the court, and such adjudication is conclusive when the judgment is collaterally attacked. The affidavits for publication and the order of the court of general jurisdiction issued thereon not being a part of the record or judgment roll, the court will not look into the record to ascertain whether or not they were properly made or filed, when the judgment is collaterally attacked, and nothing appears from the record to dispute the recitals in the decree showing jurisdiction.

But it is claimed by the appellant that Sec. 10, p. 82, of the Code of Civil Procedure of Colorado, of 1877, has

been repealed.   We find no conclusive evidence of the repeal of this statute; but, if we concede that it has been repealed, and there is no statute in Colorado defining what the judgment roll shall consist of, this will not change the result.   The record is silent as to whether any order of publication was ever granted by the court except as is stated in the decree.   The decree recites the fact that the summons was duly served by publication, under an order of the court in the manner provided by law, and that the default of the defendant was duly entered of record.   This is a collateral attack upon the judgment and not a direct attack as counsel seems to conclude.   In a collateral attack this question can only be determined by an inspection of the record.   If the record is silent, then the presumption follows that what ought to have been done was not only done, but rightfully done.   The presumption in such a case is that the court acted with due authority.   But the record is not silent.   The decree shows that the summons was duly published under an order of the court in the manner provided by law.   These findings and recitals in the decree are as conclusive upon all the parties in a collateral attack as any other adjudication by the court.   When other portions of the record are silent, and there is nothing to dispute such recitals, the presumption is that the court acted upon proper evidence before it. The affidavit for publication does not dispute the recitals in the decree.

In the case of *Amy* v. *Amy*, 12 Utah, 310, it is said: "After determining that the court has jurisdiction of the subject-matter, the next inquiry is, did it have jurisdiction of the person?   In collateral proceedings this question can only be determined by an inspection of the record.   If it is silent, then the presumption follows that what ought to have been done, was not only done, but

rightly done.   In a collateral attack, the omission to affirm a jurisdictional fact upon the record will be supplied by the presumption that the court acted with due authority, and its judgment will be as valid as though any fact necessary to jurisdiction affirmatively appeared. But the record in this case is not silent upon this jurisdictional question.   The decree of the court recites, among other things, 'that the cause came on regularly for hearing, and that it appeared to the court that said defendant was duly served with process by publication.' These findings are as conclusive upon all parties in a collateral proceeding as any adjudication of the court can be.   It must be presumed that they were supported by sufficient testimony not set forth in the record.   'Thus, though the return of the summons against A. B. certifies a service of summons upon C. D., and the judgment states that A. B. has been summoned, the record is not necessarily contradictory.   The error in the service of process may have been corrected by service of summons on the proper person, and, since statement to this effect is made by the court, it will be presumed that it acted upon ample evidence, and with due deliberation, before making such statement; and the judgment will be impregnable to any collateral assault.'   1 Freem. Jugm., Sec. 130.   Mr. Freeman further states that a finding or a recital showing that the court had jurisdiction is, in the vast majority of the States, not disputable when a judgment based thereon is drawn in question collaterally.   Accordingly it has been held that the fact that summons served by publication omitted the name of one of the defendants, to whom property had been assessed, was not fatal to the decree, because, from the recital of due service, it was conclusively presumed that the court had sufficient proof of service, though the judgment roll failed to disclose it.   *Reilly* v. *Lancas-*

*ter*, 39 Cal., 354; *Branson* v. *Carruthers*, 49 Cal., 375.

We think there was nothing in the judgment roll or the record contradicting the recitals in the judgment; and that the absence of the order of the court for publication in no manner vitiated the decree rendered in the case; and it is to be noted here that notwithstanding the certificate of the clerk that the papers above referred to were the only ones filed in the case, there was nothing requiring the filing of the order of publication, and the certificate is not incompatible with the presumption of the existence of said order duly made by the court." 1 Black on Judgments, Sec. 273; 2 Black on Judgments, Sec. 886; *Harris* v. *Lester*, 80 Ill., 307; *Naylor* v. *Mettler*, 11 At. Rep., 859.

This reasoning also applies to the alleged premature publication of the summons. The record shows that the notice was published for four consecutive weeks after the filing of the affidavit for the order of publication. We find nothing in this to dispute the recitals in the decree. On this subject reference may be had to the case of *Calvert* v. *Calvert*, 24 Pac. Rep. (Col.), 1049.

Many other questions were raised and discussed by counsel bearing on the case, but inasmuch as we find that the decree of divorce granted in Colorado was valid, it is unnecessary to refer to them or discuss them.

The judgment of the district court is affirmed with costs.