## RIDDLE et al. v. QUINN.

No. 1824. Decided June 13, 1907 (90 Pac. 893).

1. JUDGMENT — VACATION — COMPLAINT — SUFFICIENCY. The complaint in a proceeding to vacate a judgment was not insufficient for not directly charging fraud and misrepresentation by which

plaintiffs were prevented from appearing at the trial to defend, where it alleged rules of the court and the practice pertaining thereto as to serving notice and making up the trial calendar and that those rules were disregarded, defendant thereby obtaining an undue advantage and obtaining the judgment in plaintiff's absence, all of which defendant and his attorney well knew.

2. COURTS — RULES OF PROCEDURE — VALIDITY.     A district court rule provided that the clerk should make up a trial calendar five days before the first day of each term, including all cases at issue noticed for the term prior to the making up of the calendar; that notice of the placing of any case upon the calendar might be made by serving the opposite party with a copy thereof, and filing the original; that cases not placed upon the calendar under the rule should not be heard except for good cause shown. Revised Statutes 1898, section 3132, provides that either party may at any time bring an issue to trial in the absence of the other party. Section 3131 provides that all cases shall be placed on the trial calendar by the clerk in their order, and shall remain there until finally disposed of or dropped therefrom by the consent of the parties or the order of the court. Sections 697 and 698 directly · authorize the courts to adopt rules concerning their government not inconsistent with law. *Held*, that the rule is valid and not contrary to sections 3131 and 3132, which are, so far at least as they apply to the court, merely directory.

3. TRIAL—CALENDAR—RULE.     Under a district court rule providing that the clerk should make up a trial calendar before each term, including all cases at issue noticed for the term prior to the making up of the calendar, that notice of the placing of any case upon the calendar might be made by serving the opposite party with a copy thereof, and that cases not placed upon the calendar under the rule should not be heard except for good cause shown, either plaintiff's attorney or defendant's attorney must serve the notice before each term of court to entitle the case to be tried at that term, or, in the absence of the notice, a special order of the court must be made setting it for trial.

4. JUDGMENT—VACATION—EQUITABLE RELIEF.     Where defendants relied on a court rule requiring· notice of the placing of cases on the trial calendar, and plaintiff obtained judgment in defendant's absence by disregarding the rule, it was within the sound discretion of the trial court to vacate the judgment in an equitable action brought for that purpose; defendants being free from culpable negligence.

APPEAL from District Court, Third District; C. W. Morse, Judge.

Proceeding by Mrs. S. M. Riddle and another against B. B. Quinn to vacate a judgment. Defendant appeals from a judgment for plaintiffs.

AFFIRMED.

*James D. Pardee* and *A. N. Cherry* for appellant.

*Henderson, Pierce, Critchlow & Barrette* for respondents.

### APPELLANT'S POINTS.

The negligence and want of attention of an attorney is the negligence of the client. There was no diligence shown on the part of Wilson, but on the contrary, the record pre· sents a case of gross neglect. Negligence of this character will not be excused and courts will not set aside a judgment thus obtained. (*Clark v. Ewing,* 93 Ill. 572; *Ward v. Durham,* 134 Ill. 201; *Amherst College v. Allen,* 165 Mass. 181; *Hollinger v. Pume,* 138 Ind. 368; *Dibble v. Trubuck,* 12 Fla. 185; *Sloppery v. Hodge Bro.,* 99 Ala. 300; *Dusy v. Prudam,* 95 Cal. 646; *Foote v. Despain,* 87 Ill. 28; *Sanderson v. Vodsker,* 51 Mo. App. 328; *Kerchner v. Baker,* 82 N. C. 169; *George v. Tritt,* 36 Mo. 141; *Mellindy v. Austin,* 69 Ill. 15; *Ekel v. Swift,* 47 Cal. 619; *Kivette v. Wynne,* 89 N. C. 39; *George v. Tutt,* 36 Mo. 141; 1 Story, Equity Jurisprudence, 105; *McBrien v. Riley,* 38 Neb. 561.)

### RESPONDENT'S POINTS.

A court of equity can relieve a party, from a judgment rendered against him, where the judgment has been obtained against such party by fraud, accident or mistake, which has prevented the party against whom the judgment was render ed, from appearing in said cause, and contesting the said judgment, if the party against whom the judgment was rendered has been guilty of no negligence, and the judgment is unjust; and where the judgment has been obtained under such circumstances that the party in whose favor the judgment was rendered has obtained it without the party against

whom it was rendered having an opportunity to be heard. This general principle is so elementary that it hardly needs the citation of authority, and we only refer to the elementary authorities upon the subject. (Freeman on Judgments [4th Ed.], sec. 488, et seq.; 2 Pomeroy, Eq. Remedies, being 6 Pomeroy's Eq. Jur., secs. 647, 657, et seq.; 54 Am. St. 240, 241, 242 and 243.)

In all cases where by accident, or mistake, or fraud, or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of injustice, and it is against conscience that he should hold that advantage, and the party who is injured thereby has been guilty of no want of diligence or laches, a court of equity will interfere and restrain the party obtaining such advantage from using it. (*Bibend v. Kreutz,* 20 Cal. 115; Story's Eq., sec. 885; Freeman on Judgments, secs. 493, 496; *Herbert v. Herbert* (N. J. Eq.), 22 Atl. 789; *Martin v. Parsons,* 49 Cal. 94; *Lapham v. Campbell,* 61 Cal. 296; *Riddle v. Baker,* 13 Cal. 295; *People v. Bacon,* 18 Mich. 247; *Larson v. Williams* [Iowa], 63 N. W. 460.)

The remedy in equity against a judgment is not lost by moving for a new trial or to set aside the judgment in the court where judgment was rendered, which motion has been denied. (*Wright v. Hoke,* 38 Mich. 525; *Graham v. Boston Co.,* 14 Fed. 753.)

FRICK, J.

This is an equitable proceeding commenced by the plaintiffs respondents in this court, against the defendant, appellant here, to vacate a judgment obtained against respondents in their absence by appellant in the district court of Salt Lake county. The complaint was attacked by general and special demurrer, which is now insisted on by appellant. Owing to the length of the complaint, covering nearly fourteen pages of the printed abstract, it is impracticable to make it a part of this opinion. The sufficiency of the complaint may, however, be determined by having recourse to the facts

as found by the court, which substantially cover the allegations contained in the complaint.

The facts found are, in substance, as follows: That for a long time prior to the time that the original action in which issue had been duly joined, and in which the judgment sought to be vacated was obtained, a rule of the district court of Salt Lake county, in which said action was pending, was in force, providing for three regular terms of court each year, and that during all of said time a certain rule, known as "rule 21," was a rule of said court and was in full force and effect. This rule in substance provided that in Salt Lake county the clerk shall make up a trial calendar of civil actions five days before the first day of each term, including all cases at issue which shall have been noticed for the term prior to the making up of said calendar; that notice of the placing of any case upon the trial list or calendar may be made by serving the opposite party or his attorney with a copy thereof, and filing the original with the clerk; that cases not placed upon the trial calendar in accordance with this rule will not be heard unless for good cause shown. In furtherance of justice, the judge may order any particular case placed on the trial calendar for trial at any term of court. That the original case was placed on the trial calendar for the September term, 1901, pursuant to the notice referred to above, given by appellant, and the cause was, by mutual agreement of the attorneys for the respective parties, continued for that term, but without any order of court. That no other or further notice was ever given or served in said cause by either party or their attorneys that said cause would be placed on the trial calendar, or that it would be urged for hearing or trial, and that no order from the judge was ever applied for or made by him to place the cause on the trial calendar for trial. That the list of cases for trial prepared by the clerk pursuant to said rule 21 was not made of permanent record in the clerk's office. That, notwithstanding that no notice or order ever had been served or made, the clerk, either by inadvertence or mistake, placed said cause upon the trial calendar for the succeeding term,

and at each term thereafter, including the September term, 1903, but the cause was continued each term by appellant's attorney without the knowledge, of respondent's attorney. That appellant's attorney had the cause set for trial for the 22d day of September, 1903, without ány notice to respondents or their attorney, and without knowledge on their part or their attorney, and on that day obtained judgment against respondents in their absence and without their knowledge or consent, and without the knowledge or consent of their attorney.     That said cause was put on the trial calendar at each of the terms of court preceding the September term, 1903, and after the September term, 1901, erroneously and not in pursuance of any rule of court, and was by said court inadvertently set down for trial at each of said terms, and that the same was erroneously set down for trial for September 22, 1903, and that the judgment rendered on said day against respondents in their absence was erroneously rendered and by misapprehension.     That thereafter, on July 18, 1904, a notice was served by appellant's attorney on respondents to amend the complaint in the original action and to appoint a referee therein, and that on that day respondents delivered said notice to their attorney, which notice was the first and only notice or intimation that either of them or their attorney had that any judgment had ever been had in said cause, or that any order or proceeding had been had or taken therein since the September term of 1901.     That appellant took advantage of the fact that said cause had inadvertently and erroneously been carried on the trial calendar, and took judgment without notice to, and in the absence of respondents and their attorney.     That during all of the time said original cause was pending between the parties thereto their respective attorneys were well acquainted with each other, and respondents' attorney was well acquainted with appellant, and all resided in Salt Lake City, and had social and business relations with each other all of said time, and often met each other.     That during all of said time both the appellant and his attorney well knew that respondents denied appellant's right to have judgment against them or

either of them, and that said appellant and his attorney knew and understood that respondents intended to defend said action, and would have done so had any notice been given of the setting for trial of said cause. That, notwithstanding this appellant and his attorney took advantage of the fact that said cause was erroneously placed on the trial calendar without notice to respondents or their attorney, and thus obtained judgment against them in their absence by taking the advantages aforesaid. That respondents each claim to have a full and complete defense to said action, and that the court heard evidence sufficient to satisfy him that *prima facie* the respondents have a full defense to said original action. That respondents have been unjustly and inequitably deprived of their right to have a trial upon the merits of said cause, and that appellant unjustly and inequitably deprived respondents from having a trial upon the merits. That neither the respondents nor their attorney were guilty of any negligence or want of attention. That respondents' attorney depended and relied on the fact that notice was required before the cause could be set down for trial, and that respondents and their attorney intended to and would have made defense to said action, if they had been given the opportunity to do so. That after learning, on the 18th day of July, 1904, that said cause had been placed on the trial calendar and judgment had been obtained against them, respondents and their attorney diligently sought to have said judgment against them vacated, and have diligently prosecuted their applications to do so, and have not been guilty of any negligence. Upon these findings the court duly made his conclusions of law, finding that respondents were entitled to the relief prayed for, and accordingly entered a decree vacating the judgment, and ordering that respondents be granted a trial upon the issues joined in the original action. From this judgment appellant prosecutes this appeal.

The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action, in that it does not directly charge fraud or misrepresentation by which re-

spondents were prevented from appearing at the trial to defend. It may be conceded that there are no direct allegations to this effect. Notwithstanding this, however, in view of all of the allegations when taken together, we think the complaint states a cause of action. It at least states sufficient facts to admit the necessary evidence in such cases upon which relief may be granted. The complaint distinctly alleges the rules of court and the practice pertaining thereto with respect to the serving of notice, and making up the trial calendar, and that those rules were disregarded, and that thereby appellant obtained and took an undue advantage, and thus obtained the judgment sought to be vacated in the absence of the respondents, for the sole reason that these rules were disregarded, all of which appellant and his attorney well knew. Appellant's counsel, however, assert that, even if this be so, still this would not be sufficient, for the reason that rule 21, as we understand it, is contrary to section 3132, Rev. St. 1898, which provides that either party may at any time bring an issue to trial in the absence of the other party. In this connection, they further insist that by section 3131 the case always was properly on the trial calendar, in view of the provisions of that section that all cases shall be placed on the trial calendar by the clerk in their order, and shall remain there until finally disposed of or dropped therefrom by the consent of the parties or the order of the court. These sections must, however, be construed in connection with other sections of our statute which refer to the powers of trial courts in the conduct of the court's business. Sections 697 and 698 directly confer the power upon the courts to formulate and adopt rules concerning their government not inconsistent with law. By reference to section 3131, it will be observed that the regulation of the trial calendar is at least to some extent placed under the control of the judge. He may order a case dropped therefrom as made up by the clerk. If he can do this in one case, why not in any number of cases, if the orderly conduct of the business of the court requires it? Is it unreasonable, therefore, that in a county like Salt Lake, with its large volume

of litigated cases, the court should promulgate a rule with respect to the setting of cases for actual trial at the ensuing term? In furtherance of the orderly conduct of the court's business, and in view of the great expense, both public and private, incident to maintaining courts and in keeping in attendance jurors to try the cases as they are reached, may not the court formulate a rule whereby jury cases may be tried in order and nonjury cases likewise tried in their order, but at different periods of time during the term? Must the court try a jury case on one day and then try nonjury cases the next or for several days or a week, and have the jury in attendance at public expense until another jury case is reached in its order? Such would be the result if sections 3131 and 3132 are construed as appellant's counsel insist they should be. We think otherwise. It seems to us that the provisions of rule 21 were within the powers of the district court, and that they did no more than regulate the orderly dispatch of the court's business and were not harmful to either public or private interest, and not against any law of this state. Rule 21, in effect, was no more than an order made by the judge dropping the cases from the trial calendar as made up by the clerk to be set and tried under the order of the court. It certainly imparted notice to all litigants and their attorneys of how and when cases would be taken up and tried. In this connection, it is but just to the trial court not to overlook the fact that section 3131 and 3132, so far at least as their provisions apply to the court, were directory merely. Such and similar provisions manifestly are within the definition of directory statutes. (2 Lewis' Suth. Stat. Const., sections 611-615; *People v. Doe,* 1 Mich. 451.)

But it affirmatively appears from the record that appellant's attorney recognized the rule, and served the notice required thereunder, and had the case placed on the list of cases to be set for trial at the first term it was at issue. As we construe the rule, it required either appellant's attorney or the attorney for respondents to serve the notice required by that rule before each term of court to entitle the case to be placed on the list of cases entitled to be tried at that term,

or, in the absence of this notice, that a special order of the court be obtained setting it for trial. Appellant's attorney was bound by the rule, as were all others, and, as we have seen, he recognized it at the first term the case was at issue. The mere fact that he contends that the rule did not provide for notice preceding each term in no way affects the legal rights of respondents in view of the holding that such was its legal effect. But, by recognizing the rule at the first term when the case became at issue, it is only fair to counsel to assume that he, impliedly at least, consented that the case be dropped from the original trial calendar as made up by the clerk, as provided in section 3131. After he thus consented, the case remained dropped until restored to the calendar upon notice, as that section provides. Neither this nor any other notice was ever given or served, as the court affirmatively finds. The case being thus dropped, and not restored as provided by section 3131, the provisions of section 3132 with respect to bringing on the case for trial at any time by one party in the absence of the other must necessarily, in the interest of justice and equality, be construed to refer to cases that are regularly on the trial calendar for trial, or placed there by the order of the court; otherwise a court of justice would become a mere trap to catch the unwary with what are usually denominated "snap judgments." To observe the rule by a party at the beginning of a term of court, and then permit it to be suddenly disregarded and allow a case to be tried under section 3132 without any notice, would, to say the least, in many cases work serious injustice. We think, therefore, that the court had proper authority to promulgate rule 21, and that litigants in court and their attorneys were bound to observe its provisions. That section 3132 is not to be construed as appellant's counsel contend is, we think, well illustrated by the case of *Ryan v. Mooney*, 49 Cal. 33. That section is a copy of section 594 of the California Code of Civil Procedure, and in the case above referred to it appears that the case was not on the printed trial calendar used by the court in hearing cases, but that the attorney for plaintiff had the case placed on the trial calendar by a motion to the

court, and then obtained judgment in the absence of the opposing attorney, who was absent because he relied on the fact that the case was not on the trial calendar or list of cases to be tried, not appearing on the printed calendar used by the clerk. The Supreme Court of California sustained the order of the lower court setting aside the judgment thus obtained without imposing costs on the opposite party. If, therefore, counsel are right that a case, under section 3132, may be tried at any time and under all circumstances as a matter of right, then the California court is wrong. By this we do not mean that a judgment entered contrary to the rule would be vulnerable to attack for that reason alone, but what we mean is that where, in a case like the one at bar, it is alleged and found that one party relied on the rule and the other party obtained an undue advantage by disregarding it, and thus the other party is misled, that a court of equity in a proper case may compel the party obtaining the advantage to surrender it and place the parties *in statu quo* and upon an equality, providing the party seeking the relief is free from culpable negligence. It has been held that where a notice of trial is required either by statute or rule of court, if a judgment be obtained in the absence of such notice and in the absence of the other party, the judgment, though not void, is irregular, and should be set aside. (*People v. Bacon,* 18 Mich. 247.) True, no notice of trial was required in this case, but notice that the case would be set for trial was required by rule 21, and, as this was not given, in view of the facts found by the court, we think it was a matter within the sound discretion of the trial court to grant the relief in this case. All the authorities are to the effect that, whether the judgment be attacked by motion or by a proceeding in equity, the matter rests within the sound discretion of the trial court. The authorities further hold that in such proceedings the courts will incline strongly toward bringing about a trial on the merits, and, where the trial court has granted a trial, the appellate courts will not interfere, unless it appears beyond all reasonable doubt that the trial court has abused the discretion vested in it. (1

Black on Judgments, section 354.   *Woolff v. Canadian Pac. Ry. Co.*, 89 Cal. 332, 26 Pac. 825; *Cameron v. Carroll*, 67 Cal. 500, 8 Pac. 45; *Watson v. S. F. & H. B. Ry. Co.*, 41 Cal. 17.)   In 2 Elliott's General Practice, the rule is stated in the following language:

"The appellate courts are much more reluctant to interfere where a default is set aside than in cases where the application is denied, as is evidenced by many decisions.  The rule is analogous to that which prevails where new trials are granted, for, as is well known, appellate courts very seldom interfere with an order granting a new trial."

Appellant's counsel attack the findings of the court, and assert that a part of them at least are not sustained by the evidence.  It could subserve no good purpose for us to set forth in detail our reasons for holding that all the essential facts found are supported by the evidence.  It must suffice to say that, upon an examination of the entire record, we have found no difficulty in arriving at that conclusion.

Counsel also insist that the findings and evidence are not sufficient to warrant the relief granted by the court in an action in equity.  With regard to this, we think that if a motion to vacate the judgment had been made immediately after the judgment was entered, and the evidence in this record had been made to appear in support of such motion, no one would seriously contend that the court abused its discretion in setting aside the judgment and permitting the respondents to defend the action on the merits, and we feel constrained to say that in such event no appellate court would have interfered with the judgment of the trial court in granting the relief.  In view of the facts found by the court and supported by the evidence, that neither the respondents nor their attorney knew or had any intimation of the fact that judgment was obtained against them in their absence until after the statutory time had expired in which to attack the judgment by motion, and that neither of them was chargeable with negligence, we think the rule in granting relief both on motion and in an action should be the same.  If it would have been just and equitable to grant the relief on motion, we think it is equally so in the absence of equities in favor

of appellant in this proceeding. Quite true, the evidence is not as strong in this case as it is in many cases found in the books, but a large discretion is vested in the trial court with respect to the effect to be given to the evidence in each particular case. It is quite possible that, if the court had found against respondents under the facts in this case, we should likewise be in favor of supporting the findings of the court.

With regard to the numerous authorities cited by appellant's counsel, we remark here that it would subserve no useful purpose to discuss them or to cite those cited or other numerous authorities that might be cited. For every case that can be found where courts have refused relief another may be found where it was granted upon a similar state of facts. Each case, as is well said in 1 Black on Judgments, section 354, must be determined upon its own facts and circumstances. In those matters courts must be guided by the fundamental principles of justice and equity, and cases can do no more than to illustrate and apply them. While it may be conceded that there are some cases that attempt to lay down rules to govern courts in granting or withholding relief in this class of cases, they all arrive at the same conclusions, which are that such matters must to a very large extent be left to the sound discretion of the trial court, and that this discretion will not be interfered with except in very clear cases of abuse, and that this doctrine applies most strongly to cases where, like in the case at bar, the court has exercised it in favor of requiring both parties to submit to a trial upon the merits. Trial courts would but partially discharge the important duties devolving upon them with respect to their discretionary powers if, they should fail in affording litigants every reasonable opportunity to be heard on the merits of their cases in case there is no culpable negligence upon their part. Appellate courts would be equally recreant to the trust reposed in them if they attempted at long range to reverse all cases for some technical error. Appellate courts should be quick to correct errors which deprive a party of an impartial hearing, or where substantial rights

32 Utah—23

have been invaded, or disregarded, but should be slow to interfere in discretionary matters, and especially so where the greatest injury that can be inflicted on the adverse party is to require him to submit to a trial on the merits.

We are satisfied, after due consideration and reflection, that the action of the trial court in this case does not fall within that class of cases where appellate courts have held that the granting of a trial on the merits amounts to an abuse of discretion.

The judgment therefore is affirmed, with costs.

McCARTY, C. J., and ARMSTRONG, District Judge, concur.